## Case No. 2,628.

### CHASE v. SANBORN et al.

[4 Cliff. 306;[2] 6 O. G. 932.]

Circuit Court, D. New Hampshire. Oct. Term, 1874.

INFRINGEMENT OF COPYRIGHT — INJUNCTION — PROOF—NEW HAMPSHIRE STATE REPORTS—DAMAGES.

1. Under a bill for an injunction, and an account for the infringement of a copyright, substantial damages cannot be allowed, where it

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]
[2] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

appears that the matters charged have not worked any prejudice to the complaining party.

[Cited in Hanson v. Jaccard Jewelry Co., 32 Fed. 204.]

2. No suit can be maintained against a party for infringement in a case where no evidence of copyright is introduced by the complainant.

3. The complainant must show, under the old copyright law, that a printed copy of the title-page of the book was deposited in the clerk's office of the district wherein the author resided, and also that this was done before publication, as required by section 4 of that act. He must also prove that within three months from the publication of the book, a copy thereof was delivered to the clerk of the said district court.

[Cited in Donnelley v. Ivers. 18 Fed. 594.]

4. The burden is on the complainant to prove his title to the copyright as well as the infringement.

5. Authors, as well as inventors, must comply with the conditions congress has seen fit to annex to their acquiring the exclusive privileges allowed them by law.

6. In New Hampshire the judges of the superior court prepare the head-notes to the opinions which they respectively deliver. The reporter, therefore, has no copyright in the volumes he edits, and can convey no exclusive right to any one else.

[Cited in Banks v. Manchester, 23 Fed. 145; Banks & Bros. v. West Pub. Co., 27 Fed. 61.]

Bill in equity [by William S. Chase, assignee, against Benning W. Sanborn and others], praying for an account and an injuction for the infringement of an alleged copyright on certain volumes of New Hampshire reports and a digest of decisions in the same state.

The claim of the complainant was that Gardner F. Lyon, deceased, became, by purchase of the authors, the proprietor of the copyright of the judicial reports mentioned, and also of the copyright of the digest; and that by means of the said purchases he became the true and lawful owner of the exclusive right and liberty of printing, reprinting, publishing, and vending the same; and that the complainant subsequently, and by the means alleged, became and was the true and lawful owner of the said several copyrights; and he charged that the respondents had infringed the same (as fully set forth in the bill of complaint), which, as he claimed, was contrary to equity and good conscience. He therefore prayed for process, and for an account, and for an injunction. Process was issued and served, and the respondents appeared and filed an answer. They admitted that the original purchaser of the copyrights of the judicial reports published the digest mentioned in the bill of complaint; that he caused what purports to be the proper entry to be inserted in the title-page thereof, but they did not admit that the required formula was ever entered in the clerk's office of the district court, as required by the act of congress. Certain other defences were also set up as follows:—

1. That the digest in question was made

up almost exclusively of the language of the head-notes of the cases included in it, and that it followed the language of the head-notes. That the state law made it the duty of each justice of the superior court of that state to prepare for the press correct reports of the decisions of the court thereafter pronounced by him, and that the state statute also created the office of a state reporter and made it his duty to edit the reports so furnished, and to provide for their sale by selling the copyright or by such other means as he might deem expedient, and directed that he should pay into the treasury of the state the net proceeds of such sale. Rev. St. N. H. 405. All of the reports mentioned, the answer alleged, were published at the several times stated in the bill of complaint, but the respondents alleged that they had no knowledge of what the arrangement was between the publishers and the reporters, though they believed that the former acquired all the rights of the state and of the reporters, and that the complainant purchased from them, or their executors, whatever rights he acquired under that arrangement.

2. That the title-page of the digest contained a statement that the required entry was made in the clerk's office of the district court, but they did not admit that such an entry was ever made in the clerk's office.

3. That the respondents published the digest as charged in the bill of complaint, but they denied that it was any infringement of any copyright secured by the complainant for several reasons:—Because the digest in question was made by the author upon an examination by him of each case in relation to which the respondents are charged with infringement, and that it was a new, separate, independent, and much-needed work. Because the head-notes, in the digest published by them, if in any instances they were the same as in the digest of the complainants, were taken from the opinions of the courts from the head-notes of the opinions prepared by the judge who delivered it, as the author had a right to do, even if the proprietor of the older digest had a copyright of the same, which was denied; and they denied that the digest published by them had incorporated any part of the former digest. except as herein stated.

Evidence was taken on both sides, when the complainants moved the court to send the cause to a master; but the respondents resisted that motion, insisting that the complainants showed no equity in their bill of complaint; and that the same should be dismissed. Hearing was had; but inasmuch as the usual course in such cases is to send the case to a master before determining the merits, the court came to the conclusion that it was not proper, in this case, to depart from the ordinary practice. Accordingly the cause was sent to a master, with directions to report, as set forth in the decretal order.' The master made his report and the parties were again fully heard upon all the questions in the case. Among other things the master was directed to report whether the use, in the respondent's book, of the parts or features was taken from the complainant's books, and original therein, tended to prejudice, and if so, to what extent, the salé of the complainant's books. Opportunity for a full hearing was granted to the complainants; but the master reported that no evidence was introduced by him tending to show any such prejudice, and the court was of the opinion that the report of the master was correct, and it was confirmed.

Samuel C. Eastman and Asa Fowler, for complainant.

Charles R. Morrison, for respondents.

CLIFFORD, Circuit Justice. Authors of any book or books, map, chart, or musical composition, if citizens of the United States, shall have the sole right and liberty of printing, reprinting, publishing, and vending the same for the term of twenty-eight years from the time of recording the title thereof, as directed by law. 4 Stat. 436. Besides that it was required at that date that a printed copy of the title of such book or books, &c., should be deposited in the clerk's office ' cf the district court of the district wherein the author or proprietor resided, and it was made the duty of such clerk to record the same in a book to be kept for that purpose, in the form prescribed in section 4 of that act. Such author or proprietor was also required, within three months from the publication of the book or books, &c., to deliver a copy of the same to the clerk of said district court. He was also required to give information that copyright was secured of the book, by inserting in the several copies of each edition published the formula prescribed in section 5 of that act, and the provision was that no person not complying with such requirement should be entitled to the benefit of the act. Instead of delivering a copy of the book, &c., to the clerk of the district court, the requirement now is that the author or proprietor shall transmit such copy free of postage within one month of the date of publication to the library of congress for the use of said library. 13 Stat. 540.

(After a reference to the master's report the court proceeds to say:—)

Viewed in the light of that report, it is clear that the complainant is not entitled to an account nor to an injunction. Nothing remains for consideration except the question whether the complainant is entitled to nominal damages, as it is very clear that substantial damages cannot be allowed in a case where it appears that the matters charged have not worked any prejudice to the complaining party. Nominal damages may perhaps be allowed, unless some one or more of the defences are sustained, which remains to be considered.

Evidence to show that the vendor of the complainant ever had a valid copy of the digest which it is charged the respondents have infringed is entirely wanting, which is all that need be said upon the subject. Damages cannot be recovered of a party for having used the matters published in a book which was never copyrighted, nor can a suit be maintained against a party for infringement in a case where there is no evidence of copyright introduced by the complainant.

Sufficient evidence was introduced by the complainant to show that a printed copy of the title-page was deposited in the clerk's office of the district court of the district wherein the author or proprietor of the several volumes of reports mentioned in the bill of complaint resided; but there is no evidence in the case that such deposit was made before publication, as required by section 4 of the copyright act. 4 Stat. 437. Proof was also introduced sufficient to show that the author or proprietor did deliver or cause to be delivered a copy of the said several volumes to the clerk of the said district court; but there is no evidence that the same were, in any case, so delivered within three months from the publication of the book, nor are there any facts or circumstances from which the court can supply, by inference, the want of direct evidence upon the subject, as there is no evidence whatever when publication was made. Persons claiming that they own the copyright of a book, in a suit for infringement, must prove their ownership by competent evidence, else their suit cannot be maintained, as the burden is upon the complainant to prove his title to copyright, as well as to prove infringement. Power is vested in congress to secure to authors and inventors, for limited times, the exclusive right to their respective writings and discoveries; and congress having exercised that power, authors, as well as inventors, must comply with the conditions which congress has seen fit to annex to the enjoyment of such exclusive right. Deposit of a printed copy of the title of the book must be made, before publication, in the clerk's office of the district court of the district wherein the author or proprietor shall reside, and he, the author or proprietor, must deliver a copy of the book to the clerk of said district court within three months from the publication of the same, else he is not entitled to the benefit of the act. Such are the abstract requirements of the act of congress; nor is it competent for the circuit court to disregard the requirement. Wheaton v. Peters, 8 Pet. [33 U. S.] 653; Reade v. Conquest, 9 C. B. (N. S.) 755.

3. Suppose it were otherwise, still the court is of the opinion that the complainant is not entitled to recover even nominal damages, as, by the statute law of the state, the judges of the court respectively were the authors of their opinions. Reporters of the decisions of the superior court were appointed by the governor with the advice of the council; but the second section of the same statute provides that each justice of said court shall prepare for the press, and furnish to the reporter, concise reports of the cases in which the judgment or opinion of the court, in matters of law pending at the law terms, was pronounced by him, within six months after the same is pronounced. Rev. St. 405. Section 5 of the same statute enacts that said reporter shall edit said reports as early as practicable, provide for the sale thereof by disposing of the copyright, or otherwise, as he may deem expedient, and the direction is that he shall pay into the state treasury the net proceeds, after deducting the reasonable and necessary expenses of publishing and selling. Of course, the judges respectively prepare the opinions, and the proof is equally full and decisive that they also prepared the head-notes to each of the cases reported in the several volumes of reports in question. Even grant that the copyright is not defective, still it cannot secure to the complainant what he does not own, nor could their vendors convey to them what they never owned. "Nemo dat quod non habet." Persons, therefore, who buy from one not the owner, acquire no property whatever in the thing purchased, as no one, in such a case, can convey any better title than he owns; unless the sale is made in market overt or under circumstances which show that the seller lawfully represented the owner. Foxley's Case, 5 Coke, 109a; 2 Bl. Comm. 449; 2 Kent, Comm. (11th Ed.) 224; Marsh v. Keating, 2 Clark & F. 260; Benj. Sales, 4; 1 Pars. Am. Law (5th Ed.) 520; Mitchell v. Hawley, 16 Wall. [83 U. S.] 550. None of the reporters were the authors of the opinions nor of the head-notes, and of course they had no copyright in the same, and it follows that, inasmuch as they had no such copyright in the opinions or head-notes, they could not convey any title to the grantor of the complainant, and that the latter acquired nothing in that regard by virtue of the several conveyances under which he claims. Having come to this conclusion, it is not necessary to decide whether the proofs introduced by the complainant show an infringement or not, as it is quite plain that the bill of complaint must be dismissed.

Bill of complaint dismissed, with costs.