### BANKS and others *v.* MANCHESTER.[1]

(*Circuit Court, S. D. Ohio, E. D.* March 3, 1885.)

1. COPYRIGHT—OHIO STATE REPORTS—OPINIONS, ETC., OF THE JUDGES.

The statutes of Ohio authorize the publication of the reports of the supreme court, and of the supreme court commission, of the state, (1) under the direction of the supervisor of public printing; or (2) under a contract made by the secretary of state. The official reporter, who receives from the state a fixed salary for his services, is required to secure a copyright for "each volume of the reports" published under the first method. The statute provides that when the reports are published under the second method, the contractor "shall have the sole and exclusive right to publish such reports, so far as the state can confer the same," but imposes no requirement upon the reporter to secure copyright. No authority is given anywhere in the statutes to copyright the opinions of the judges. Advance sheets of volumes, included in the complainant's contract with the secretary of state, were copyrighted by the reporter for the benefit of the state and of the complainants. The respondents published the opinions, *syllabi*, and statements of cases prepared by the judges and contained in said advance sheets. *Held*, that the copyrights secured do not cover the matter published by the respondent.

2. SAME—WORK OF OFFICIAL REPORTER.

The reporter might, in this case, copyright the volumes for the benefit of the complainants and of the state, but such copyright would protect only the portion of the volumes prepared by the reporter.

In Chancery. Hearing on bill and answer.

*E. L. Taylor*, for complainants.

*Geo. B. Okey*, for respondent.

SAGE, J. The complainants, partners under the style "Banks Brothers," and law-book publishers at the city of New York, are contractors with the state of Ohio for the publication of forthcoming volumes 41 and 42, Ohio State Reports. They seek to enjoin the defendant, who is the proprietor and publisher at Columbus, Ohio, of the American Law Journal, from publishing therein any of the decisions and opinions of the judges of the supreme court of Ohio, or of the supreme court commission of Ohio, in cases which are to be reported in either of said volumes. It appears from the bill that, under arrangements with the complainants by the proprietors of the Ohio Law Journal and of the Weekly Law Bulletin, copyrighted advance

---

[1] Reported by Harper & Blakemore, Esqs., of the Cincinnati bar.

publications of said decisions are made at Columbus, Ohio, in supplements to those periodicals. The copyrights are secured by the official reporter in pursuance, it is averred, of the duties of his office, and for the benefit of the state of Ohio, and the protection of the rights and interests of the complainants under their said contract.

The complainants charge that the respondent has unlawfully infringed said copyrights by republishing said decisions; and that he has declared to them in writing his intention to continue so to do; wherefore they pray that he may be restrained by injunction. The respondent answers, admitting the publication of the opinions and decisions referred to in the bill, but avers that they are solely and exclusively the production of the judges of the supreme court of Ohio, and of the supreme court commission of Ohio; and that the judge, to whom the duty is assigned to prepare an opinion, prepares also the statement of the case, and syllabus, the latter being subject to revision by the judges concurring in the opinion; that the duty of the reporter is limited to preparing abstracts of arguments of counsel, tables of cases, indexes, reading proof, and in arranging cases in their proper order in the volumes of reports of said courts, for all which he is paid out of the treasury of the state a stated annual salary, fixed by law; and that he has no pecuniary interest in the publication of said reports. The respondent admits that he intends to continue said publication, but denies that the reporter has any right or authority to secure a copyright upon the publication described in the bill, or that said copyright was secured by him for the benefit of the state of Ohio, or for the protection of the rights of the complainants.

The respondent also avers that complainant, for the consideration of $600, contracted with the proprietors of the Ohio Law Journal and of the Weekly Law Bulletin, to give to them exclusive right to publish in said periodicals said opinions and decisions, and to protect said pretended right by commencing and prosecuting, at their own cost, such suits as might be necessary; and that therefore the complainants have no interest in result of this controversy.

The provisions of the statutes of Ohio bearing upon the questions involved are referred to in the bill and in the answer. Section 437 of the Revised Statutes of Ohio empowers the secretary of state, when authorized by resolution of the general assembly, to contract with any responsible person or firm to publish the reports authorized by law, and to furnish, for the use of the state, the number of copies required to supply the state, at a cost not exceeding one dollar and fifty cents per volume, and the number of copies required to meet the demands of the citizens of the state, at a cost not exceeding one dollar and seventy-five cents per volume; also to furnish advance sheets as provided in sections 430 and 431. Section 437 further provides that "such contractor shall have the sole and exclusive right to publish such reports, so far as the state can confer the same," during the period of the contract. Sections 429–435 provide for the printing and

binding of the volumes of reports under the direction of the supervisor of public printing. These sections do not apply when, as in this case, the secretary of state is authorized to make the contract as provided in section 437.

Section 436 requires the reporter to secure a copyright for the use of the state for each volume of the reports published under the provisions of sections 429–435, but the duty of the reporter is limited to securing a copyright "for each volume of the reports so published." No such duty is imposed upon him with reference to volumes published under contracts made by the secretary of state by virtue of the provisions of section 437. Under that section,—which applies in this case,—the sole and exclusive right to publish the reports, so far as the state can confer the same, is granted to the contractor. Nowhere in the statute law relating to the publication of reports is authority given to the reporter, or to any other person, to acquire a copyright in the decisions or opinions of the judges. This is significant, in view of the unanimous opinion of the justices of the supreme court of the United States in *Wheaton* v. *Peters*, 8 Pet. 668, that no reporter has or can have copyright in the written opinions delivered by that court. The legislation of the state of Ohio must be considered to have been enacted with reference to that opinion, and therefore to have been intended to limit the provisions above cited to the volumes of reports, and to exclude copyright of the opinions of the judges.

It is in accordance with sound public policy, in a commonwealth where every person is presumed to know the law, to regard the authoritative expositions of the law by the regularly constituted judicial tribunals as public property, to be published freely by any one who may choose to publish them. And such publications may be of everything which is the work of the judges, including the syllabus and the statement of the case, as well as the opinion. The copyright of the volume does not interfere with such free publication. It protects only the work of the reporter; that is to say, the indexes, the tables of cases, and the statement of points made and authorities cited by counsel. *Wheaton* v. *Peters*, 8 Pet. 653; *Little* v. *Gould*, 2 Blatchf. 165, 362; *Chase* v. *Sanborn*, 4 Cliff. 306; *Myers* v. *Callaghan*, 5 Fed. Rep. 726, S. C. 10 Biss. 139; *Myers* v. *Callaghan*, 20 Fed. Rep. 441.

Counsel for complainants cite Judge Drummond's *dictum*, in *Myers* v. *Callaghan*, 5 Fed. Rep. 728, that "if an adequate compensation was paid by the state to the reporter for the work done by him in preparing volumes of reports, then, whatever property there was in the volumes, arising from the labors of the reporter, ought to belong to the state and not to him." "Now," say counsel, "in Ohio the state undertakes to pay the reporter adequate compensation, and by statute that amount is all he can receive. He has no perquisities. The theory is that the state pays him for his labor, and that the result of his labor belongs to the state." And counsel proceed to claim that "this is precisely the theory upon which the state is entitled to the

decisions of the judges.    They are paid a stipulated price or sum for their services, and this, by their consent,—impliedly given when they accept the office,—is in full of their services, and the result of their labors is the property of the state." Mr. Drone, in his work on Copyright, 161, states substantially the same view, although he says he has seen no sound, clear exposition of the law governing copyright in judicial decisions, and that it has not been expressly declared in any modern case that copyright will vest in a judicial decision.    Mr. Jusice STORY, one of the judges who concurred in the decision in *Wheaton* v. *Peters*, said, in *Gray* v. *Russell*, 1 Story, 21, that while it was held in that case that the opinions of the court, being published under the authority of congress, were not the proper subject of copyright, it was as little doubted by the court that Mr. Wheaton had a copyright in his own margined notes, and in the arguments of counsel, as prepared and arranged in his works.    Whether the state, through its reporter, can secure a copyright in the opinions of the judges, is, however, not a question arising, nor can it be decided, in this case. It is sufficient to say that the state has not adopted legislation for such copyright; that the enactments providing for copyright of the volumes of reports, or of the reports, do not authorize copyrights of the opinions of the judges.

The averments of the answer respecting the contract by and between the complainants and the proprietors of the law journal, at Columbus, which, with complainants' consent, publish the opinions of the judges, complainants binding themselves to protect them in their assumed exclusive right of publication, are not material.    If the reporter had the right to secure copyright in those opinions for the benefit of the complainants, the complainants had the right to make the arrangement referred to, and it would be not only the right but the duty of complainants to institute suits for the protection of the publishers in their exclusive license.    But the reporter has no such right.    The statute gives him no power, no authority or right whatever, with reference to copyright of even the volumes included in complainants' contract.    Whatever sole and exclusive right to publish such reports the state could confer, was, by the express terms of the statute, conferred upon the complainants.    As held in *Myers* v. *Callaghan*, the reporter is entitled, in the absence of express legislation to the contrary, to copyright his volumes of reports, to the extent that the same consist of the work of his own hand, notwithstanding he may not have a copyright in the opinions of the court.    And in this case he might secure copyright in the volumes of reports, not for his own benefit, but for the benefit of complainants; but the copyrights he has attempted to secure in the opinions of the judges are invalid.

The bill will be dismissed at complainants' costs.

See *Sarony* v. *Burrow-Giles Lithographic Co.* 17 FED. REP. 591, and note. 593.—[ED.