## Case No. 10,762.

### PARKINSON v. LASELLE.

[3 Sawy. 330; [1] 2 Am. Law T. Rep. (N. S.) 279; 7 Chi. Leg. News, 268; 21 Int. Rev. Rec. 163.]

Circuit Court, D. California.    April 23, 1875.

COPYRIGHTS—DEMURRER TO BILL.

1. Under sections 4952 and 4956 of the Revised Statutes of the United States, an author cannot obtain an exclusive right to his work unless before publication he delivers to the librarian of congress, or deposits in the mail, addressed to him, a printed copy of the title of the work or map; and, also, within ten days from the publication, deliver to the said librarian, or deposit in the mail, addressed to him, two copies, thereof.

[Cited in Boucicault v. Hart, Case No. 1,692; Donnelley v. Ivers, 18 Fed. 594.]

2. A bill in chancery to restrain the infringement of a copyright, acquired under chapter 3, title 60, of the Revised Statutes, which does not allege the performance of the acts required to be performed by the author in section 4956 of said statute, is insufficient.

[Cited in Chapman v. Ferry, 18 Fed. 539; Trow City Directory Co. v. Curtin, 36 Fed. 829.]

Bill in equity [by T. D. Parkinson against E. B. Laselle] to restrain the infringement of a copyright to a map of the Comstock lode. The defendant demurred specially on the ground that the bill does not allege the delivery at the office of the librarian of congress, or a deposit in the mail addressed to said librarian, of a copy of the title of the map before its publication, or a delivery to said librarian, or a deposit in the mail, addressed to him, of two copies of said map within ten days from its publication. The copyright is claimed to have been obtained on October 2, 1874. Section 4952 of the Revised Statutes, then in force, provides, that "any citizen of the United States * * * who shall be the author * * * of any * * * map * * * shall, upon complying with the provisions of this chapter, have the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing and vending the same." Section 4956 provides that "no person shall be entitled to a copyright unless he shall, before publication, deliver at the office of the librarian of congress or deposit in the mail addressed to the librarian of congress, at Washington, District of Columbia, a printed copy of the title of the book or other article * * * for which he desires a copyright, nor unless he shall also, within ten days from the publication thereof, deliver at the office of the librarian of congress or deposit in the mail addressed to the librarian of congress, at Washington, District of Columbia, two copies of such copyright book or other article." * * * Section 4959 provides that "the proprietors of every copyright book or other article, shall deliver at the office of the librarian of congress, or deposit in the mail, ad-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

dressed to the librarian of congress, at Washington, District of Columbia, within ten days after its publication, two complete copies thereof, of the best edition issued." * * * Section 4960, that "for every failure on the part of the proprietor of any copyright to deliver or deposit in the mail either of the published copies, or description or photograph, required by sections 4956 and 4959, the proprietor of the copyright shall be liable to a penalty of twenty-five dollars, to be recovered by the librarian of congress in the name of the United States, in an action in the nature of an action of debt, in any district court of the United States within the jurisdiction of which the delinquent may reside or be found." And section 4962, that "no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title page or the page immediately following it, if it be a book, * * * or if a map * * * by inscribing upon some portion of the face or front thereof, or on the face of the substance on which the same shall be mounted, the following words: 'Entered according to act of congress in the year —— by A. B. in the office of the librarian of congress at Washington.'"

B. Morgan, for complainant.
L. D. Latimer, for defendant.

SAWYER, Circuit Judge. It is settled by the supreme court in Wheaton v. Peters, 8 Pet. [33 U. S.] 591, that every act required by the act of congress of May 3, 1790 (1 Stat. 124), and of April 29, 1802 (2 Stat. 171), relative to copyrights, is essential to the title derived under those acts. Unless he performs every act required by these statutes, the author acquires no exclusive right. See, also, Jollie v. Jaques [Case No. 7,437] and Baker v. Taylor [Id. 782]. The authority of these decisions is not questioned by complainant, but it is insisted that the present statute is different and requires a different construction. On the contrary, it appears to me to be more difficult under the present statute to escape the construction adopted by the supreme court in Wheaton v. Peters [supra], than under the former acts.

Under section 3 of the act of 1790, there was some ground for claiming, that it was only necessary to deposit a printed copy of the title to a book or map, in order to secure a copyright; and that the provisions of the latter part of this section, and in section 4, for publication of a copy of the record, and the delivery of the copy of the work, were merely directory, or at most, conditions subsequent. But there is no ground for such claim under the present act. Under section 4952 of the Revised Statutes, an author of a book or map, is to "have the sole liberty of printing * * * and vending the same," only "upon complying with the provisions of

this chapter," that is to say, all the provisions, for no exception is made. No one provision is referred to rather than another. As the statute has not limited the acts to be performed to any one provision less than the whole, the courts have no authority to say that any one rather than another, less than the whole is sufficient. Section 4956, in express terms, declares that "no person shall be entitled to a copyright unless he shall, before publication, deliver at the office of the librarian of congress, or deposit in the mail addressed to the librarian of congress at Washington, District of Columbia, a printed copy of the title of the book or other article, etc.; nor unless he shall, also, within ten days from the publication thereof, deliver at the office of the librarian of congress, or deposit in the mail addressed to the librarian of congress at Washington, District of Columbia, two copies of such book, or other article," etc. There is no possible room for construction here. The statute says no right shall attach until these acts have been performed; and the court cannot say in the face of this express negative provision, that a right shall attach unless they are performed. Until the performance as prescribed, there is no right acquired under the statute that can be violated.

It is claimed by the complainant, that section 4962 prescribes the essentials necessary to authorize the maintenance of the action; and that the court cannot add others. It is upon this section that it is sought to distinguish this case from those arising under former acts, which did not contain the provision. The provision relied on is, that "no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in his several copies of every edition published * * * if it be * * * a map * * * by inscribing upon some portion of the face or front thereof, or on the face of the substance on which the same shall be mounted, the following words: 'Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress at Washington.'" But the difficulty in adopting the complainant's view, is, that a cause of action must exist before an action can be maintained; and there can be no cause of action till a right exists, and that right has been violated.

Under sections 4952 and 4956, the plaintiff can have no copyright till he has performed the prescribed conditions, and until he has acquired his copyright, there can be no violation of that right at all which can afford a ground of action. Instead of section 4962 being a limitation of the acts to be performed, or alleged in order to entitle a party to maintain an action, it imposes an additional duty upon him as a prerequisite to its maintenance. He must first acquire a copyright under the other provisions of the act, and then, in order to enforce his right against in-

fringers he must, also, give notice of his right by the means prescribed by section 4962, so that other parties may not copy his work in ignorance of his rights. This seems to be the object of the provision. An analogous provision, and for a similar purpose, copied from previous acts, is found in section 4900, relating to patent rights.

The complainant's claim can derive no argumentative support against the express negative provisions of the statute already cited and discussed, from section 4960, providing for a penalty to be recovered from the author on failure to perform all the conditions prescribed. This seems to be intended to furnish additional guarantees against attempts of parties to avail themselves of the benefits of a copyright without first performing all the conditions prescribed in order to confer the right.

The demurrer must be sustained, and it is so ordered, with leave to amend on the usual terms.