## MERRELL *v.* TICE.

1. In an action for the infringement of his copyright of a book, the plaintiff cannot recover without proving that, within ten days from the publication thereof, he delivered two copies of such copyright book at the office of the Librarian of Congress, or deposited them in the mail properly addressed to that officer.

2. *Quære,* Is the certificate of the Librarian, under his official seal, that two copies were so deposited, competent evidence of the fact.

3. Where to his certificate (*infra,* p. 558), setting forth other facts, there is added a statement, not signed or sealed, that two copies of the publication were deposited, — *Held,* that the statement is admissible in evidence only against the party making it.

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

The facts are stated in the opinion of the court.

*Mr. Melvin L. Gray* for the plaintiff in error.

*Mr. C. P. Culver, contra.*

Mr. Justice Bradley delivered the opinion of the court.

This was an action at law to recover damages for the infringement of a copyright. Tice, the plaintiff below, is the author of an almanac known as "Professor Tice's Almanac." The copyright alleged to be infringed was that of the almanac for 1877. The declaration contained the proper averments, and the answer a general denial. On the trial the plaintiff produced a copy of his almanac, having on its titlepage the words required by the act, "Entered according to act of Congress," &c.; and then, to show that he had complied with the law of copyright, produced a certificate of the Librarian of Congress, under his seal of office, in the words following: —

"{ Library of Congress, Copyright Office, United States of America. }　Library of Congress, Copyright Office, Washington.

No. 12,579 G.

"To wit: Be it remembered that on the 13th day of November, anno Domini 1876, John H. Tice, of St. Louis, Mo., has deposited in this office the title of a book, the title or description of which is in the following words, to wit: —

"*Professor Tice's Almanac for the year* 1877, *&c.*

"The right whereof he claims as proprietor in conformity with the laws of the United States respecting copyrights.

"{ Librarian of Congress, Copyright Office, United States of America. }　(Signed)
　　A. R. Spofford,
　*Librarian of Congress.*

"I, A. R. Spofford, Librarian of Congress, hereby certify that the foregoing is a true copy of the original record of copyright in the Library of Congress.

"In witness, whereof I have hereunto set my hand and affixed the seal of my office, this 11th day of May, 1878.

"A. R. Spofford,
"*Librarian of Congress.*

"Two copies of the above publication deposited December 6, 1876."

To the introduction of that portion of said paper in the words "two copies of the above publication deposited Decem-

ber 6, 1876," the defendant objected, on the ground that it was no part of the certificate, but a mere anonymous statement, when and by whom made not appearing, and incompetent; which objection the court overruled, and permitted the statement to go to the jury; to which ruling the defendant excepted. No other evidence was given to show that any copy or copies of the book had been deposited with the Librarian or in the mail. The infringement was proved to the satisfaction of the jury, who, under the charge of the court, rendered a verdict for the plaintiff. Other exceptions to evidence appear in the bill of exceptions, but it is unnecessary to consider them. The questions to which we have given attention, and which are decisive of the case, are: —

*First*, Whether the plaintiff was bound to prove that two copies of the book had been deposited with the Librarian or in a post-office, according to the requirements of the law?

*Secondly*, If he was, whether the proof adduced was competent for that purpose?

These questions will be considered together.

The acts of Congress relating to the subject are found in sects. 4956 to 4961 of the Revised Statutes.

Sect. 4956 declares that no person shall be entitled to a copyright unless he shall, before publication, deliver at the office of the Librarian of Congress, or deposit in the mail, addressed to the Librarian at Washington, a printed copy of the title of the book or other article, &c.; nor unless he shall also, within ten days from the publication thereof, deliver at the office of the Librarian, or deposit in the mail addressed to him, at Washington, two copies of such copyright book or other article, &c.

Sect. 4957 requires the Librarian to record the name of the book or other article in a book to be kept for that purpose, in the words following: "Library of Congress, to wit: Be it remembered that on the —— day of ——, A. B. of —— hath deposited in this office the title of a book (map, chart, or otherwise, as the case may be, or description of the article) the title or description of which is in the following words, to wit: (here insert the title or description), the right whereof he claims as author, &c., in conformity with the laws of the United States

respecting copyrights. C. D., Librarian of Congress." The Librarian is required to give a copy of the title or description, under the seal of the Librarian of Congress, to the proprietor whenever he shall require it.

Sect. 4958 prescribes the Librarian's fees: "First, for recording the title or description of any copyright book or other article, fifty cents; second, for every copy under seal of such record actually given to the person claiming the copyright, or his assigns, fifty cents," &c.

Sect. 4959 declares that the proprietor of every copyright book, &c., shall deliver at the office of the Librarian of Congress, or deposit in the mail addressed to him, within ten days after its publication, two complete printed copies thereof, of the best edition issued, and a copy of every subsequent edition wherein any substantial changes are made.

Sect. 4960 imposes a penalty of twenty-five dollars for failure to deposit the published copies as required in the previous sections.

Sect. 4961 declares as follows: "The postmaster to whom such copyright book, title, or other article is delivered, shall, if requested, give a receipt therefor; and when so delivered, he shall mail it to its destination."

On a mere inspection of these enactments it is very obvious that the deposit of two copies of the book, after its publication, either with the Librarian of Congress, or in the mail addressed to him, is an essential condition of the proprietor's right; and must, in some way, be proved in an action for infringement. The words of the law are: "No person shall be entitled to a copyright unless he shall also within ten days, &c., deliver at the office of the Librarian of Congress, or deposit in the mail, &c., two copies of such copyright book." Nothing can be plainer than this.

Then, what is competent proof of such a deposit? If, after complying with all the requisite conditions, the law had authorized letters-patent for the copyright to be issued to the proprietor, such letters would be competent, if not conclusive, evidence that the conditions had been complied with. But no such letters are issued in the case of copyrights. It is contended, indeed, that the Librarian's certificate answers the

same purpose. But it is plain that this certificate was only an exemplification of the record required to be made on the filing of the title before publication. Its form, as prescribed by the law, and its contents as shown by the copy produced in evidence, show that it relates to nothing else. The publication of the book, and the deposit of copies thereof, may not take place until the lapse of months afterward. The certificate, therefore, has no relation to the deposit of the books. The record of which it is an exemplification is made without reference to any such deposit. Whether, after the deposit has been made, the certificate of the Librarian, under his official seal, that the books were deposited on such a day, would be competent evidence of the fact, is not now the question; and it may admit of considerable doubt. Perhaps a certificate of the Librarian attached to a copy of the book, certifying that two copies of the same book, or of which that is a true copy, were deposited in his office on such a day, would be competent evidence, inasmuch as the Librarian's office is a public one; the copyright books deposited with him are quasi-records, kept in his custody for public examination, — one object no doubt being to enable other authors to inspect them in order to ascertain precisely what was the subject of copyright. But we express no opinion whether such a certificate would be competent or not. In the present case no such certified copy of the books deposited, nor a certificate of the fact that they were deposited, was adduced in evidence. The memorandum under the certificate had no validity as evidence. It might have been put there by any person. It would be unsafe to hold that a memorandum under a certificate, or indorsed upon it, is part of the certificate. A certificate under seal, when invested with legal force and effect, is a solemn instrument, and ought to be complete, certain, and final in itself, without any collateral addition or commentary. Its very form and character as a certificate presuppose that it has the verification and protection of the authenticating signature and seal. Any matter extraneous, that is, not contained in the body of the instrument, has not this verification and protection. Such extraneous matter may be added by other persons, or may be erased or altered, without involving the offence of forgery or

alteration of the certificate. Memoranda of various kinds are frequently indorsed on instruments of this sort for the convenience of the possessors, either to indicate their contents, or to furnish other information with regard to their subject-matter. To hold that such memoranda are evidence, except as against the party making them, would be wholly inadmissible.

We are satisfied that the evidence offered and objected to was incompetent for any purpose in the cause. The judgment must be reversed, and the cause remanded to the Circuit Court with directions to award a new trial; and it is

*So ordered.*