DONNELLEY and others *v.* IVERS and another.

*(Circuit Court, S. D. New York. March 4, 1882.)*

COPYRIGHT—VARIANCE BETWEEN TITLE OF BOOK AS DEPOSITED AND AS PUB-
LISHED—REV. St. § 4956.

A firm deposited in the office of the librarian of congress the title of a book, in the following words: "Over One Thousand Recipes. The Lake-Side Cook-Book; a Complete Manual of Practical, Economical, Palatable, and Healthful Cookery. Chicago: Donnelley, Loyd & Co." The title with which the book was published was, "The Lake-Side Cook-Book, No. 1, a Complete Manual of Practical, Economical and Palatable and Healthful Cookery. By N. A. D.,"—followed by the imprint of the place of publication and the name of the proprietor, and the notice of the copyright on the title-page. *Held*, that the variance was not material, and the title published was deposited in compliance with Rev. St. § 4956.

In Equity.

*James Watson*, for plaintiff.

*Robertson, Harmon & Cuppia*, for defendants.

BLATCHFORD, J. On the nineteenth of April, 1878, Donnelley, Loyd & Co., a copartnership firm, deposited in the office of the librarian of congress the title of a book, the title or description whereof was in the following words: "Over One Thousand Recipes. The Lake-Side Cook-Book; a Complete Manual of Practical, Economical, Palatable, and Healthful Cookery. Chicago: Donnelley, Loyd & Co, 1878,"—the right whereof they claimed as proprietors in conformity with the laws of the United States respecting copyrights. Whatever right and title the firm acquired in the copyright it subsequently as-

signed to the plaintiff. The firm and the plaintiff, in publishing the book, which it is claimed the copyright applies to, have always published it with the following title-page: "The Lake-Side Cook-Book, No. 1; a Complete Manual of Practical, Economical, and Palatable and Healthful Cookery. By N. A. D.,"—followed by the imprint of the place of publication and the name of the proprietor and the notice of copyright on the title-page. The plaintiff moves for an injunction, before final hearing, to restrain the infringement of the copyright. The defendants have printed and published a book, the body of which is a *verbatim* copy, as to matter and type, of the plaintiff's book, and which has the following title-page: "The Home-Made Cook-Book; a Complete Manual of Practical, Economical, Palatable, and Healthful Cookery. New York: M. J. Ivers & Co., 86 Nassau street."

The defendants contend that the copyright is invalid because the words "Over One Thousand Recipes" are not on the title-page of the plaintiff's published book, and are in the title deposited, and because the words "No. 1" and "by N. A. D." are on said title-page and are not in the title deposited. The provision of section 4952 of the Revised Statutes is that the exclusive right secured under a copyright is to be enjoyed "upon complying with the provisions of this chapter." Section 4953 says that copyrights shall be granted "in the manner hereinafter directed." There is no investigation or decision by any officer, nor is any grant issued. What is done is to be done by the party desiring the copyright. Nothing is to be done by any officer, except that the librarian of congress is to give to the proprietor a copy, under seal, of the recorded title, when required. Section 4956 provides as follows: "No person shall be entitled to a copyright unless he shall, before publication, deliver at the office of the librarian of congress, or deposit in the mail, addressed to the librarian of congress, at Washington, District of Columbia, a printed copy of the title of the book * * * for which he desires a copyright." Section 4957 provides that "the librarian of congress shall record the name of such copyright book * * * forthwith, in a book to be kept for that purpose, in the words following:" The form states the fact of the deposit of "the title of a book" on a day named, by a person named, "the title * * * of which is in the following words, to-wit: (here insert the title * * *,) the right whereof he claims as proprietor, in conformity with the laws of the United States respecting copyrights." By section 4964, damages for the violation of a copyright of a book are made to depend on the fact of the recording of the title of the book, "as provided by this chapter."

It was settled in the case of *Wheaton* v. *Peters*, 8 Pet. 591, that there can be no exclusive property in a published work except under some act of congress; that congress, when about to vest an exclusive right in an author, has the power to prescribe the conditions on which

such right shall be enjoyed; and that no one can avail himself of such right who does not substantially comply with the provisions of the law. It has been held to be necessary to show that the title was deposited before publication; that this is an absolute requirement; and that the court cannot disregard the requirement. *Chase* v. *Sanborn*, 4 Cliff. 306. In *Baker* v. *Taylor*, 2 Blatchf. C. C. 82, it was held that, under a title deposited in 1846, a printing, on the page following the title-page in the book, of a notice that the copyright had been entered in 1847, was fatal to the plaintiff's right. The court said: "Even though the failure to publish the statutory notice arose from mistake, this court would have no power to accept the intention of the party, in place of a performance, any more in respect to the insertion of that notice on the proper page, than in respect to the deposit of the title, of the book." The same principle was applied in *Struve* v. *Schwedler*, 4 Blatchf. C. C. 23. In *Parkinson* v. *Laselle*, 3 Sawy. 330, it was held, in reference to the deposit of the title, that under sections 4952 and 4956, a person can have no copyright until he has performed that condition.

In the present case a certain title was deposited. That title, *verbatim*, is not the title-page of the book afterwards published as the book to which such title appertained. So, too, a book with a certain title-page was published, but no *verbatim* copy of such title-page was deposited before publication. The title deposited and the title-page of the book published, contain in common the name or designation: "The Lake-Side Cook-Book; a Complete Manual of Practical, Economical, Palatable, and Healthful Cookery." The words "Over One Thousand Recipes," in the deposited title, are not on the title-page of the published book; and it is shown that there are in the book only about 800 recipes. The words "No. 1" and "By N. A. D." are in the title-page of the published book and are not in the deposited title. What the statute requires to be deposited is "a printed copy of the title." The language is not "a printed copy of the title-page;" that is, a printed copy of the page containing the title. Everywhere in the statute, in reference to the thing deposited, it is "the title." What is "the title?" Section 4957 provides that as soon as "the title" is deposited, the librarian of congress shall "record the name of such copyright book." Therefore, "the title" to be deposited and recorded is "the name" of the book. The record in the librarian's book must undoubtedly contain, as the name, the title deposited. But the question is as to what is a sufficient title or name to be deposited and recorded, when it is seen afterwards what is the title-page of the book published after the deposit.

The theory of the copyright statutes is that every book must have a title or name or designation—something short and convenient by which it may be identified in the speech of the people; that that title or name must appear on it, or in it, when published, on a title-page or its equivalent; and that such title or name must have been, before

the publication of the book, deposited in the designated office. The copyright to be protected is the copyright in the book. A printed copy of the title of such book is required to be deposited, before publication, only as a designation of the book to be copyrighted. The title is "a mere appendage, which only identifies, and frequently does not in any way describe, the literary composition itself, or represent its character." The title alone is never protected separate from the book which it is used to designate. *Jollie* v. *Jaques,* 1 Blatchf. C. C. 618, 627; *Osgood* v. *Allen,* 1 Holmes, 185, 193. In determining, therefore, whether this book is protected by a copyright, the inquiry is whether its title or name was deposited. Its title or name is to be gathered from the title or name now given to it and appearing on its title-page. There is nothing connected with its title, on the title-page, that is not found in the title deposited, except the words "No. 1" and "By N. A. D." Everything else, the real name and designation of the book, as found on the title-page, is in the title deposited. The words not found in the title deposited are immaterial and no part of title or name. The "By N. A. D." is mere surplusage, and neither helps nor harms the title. The "No. 1" appears to have been put in because the same parties, in 1878, copyrighted and published a book called "The Lake-Side Cook-Book, No 2." Under the foregoing views, the title of the book was deposited before publication. The presence, in the title deposited, of the words "Over One Thousand Recipes" is immaterial. They are no part of the substantial title. When the title was deposited it may have been intended to put into the book over 1,000 recipes. That purpose was afterwards changed. Yet the book was published with the same title substantially. Aside from this, it is sufficient if the title of the published book was deposited, without its being necessary that everything in the paper deposited as a title should be reproduced on the title-page of the book afterwards published. The requirement as to the deposit of the title having been substantially, in good faith, complied with, (*Myers* v. *Callaghan,* 5 Fed. Rep. 726, 731, 732,) the objection that the statute as to depositing the title was not observed, is not tenable.

There are defects in the bill filed which must be amended, and when that is done the motion for an injunction may be renewed. The defects referred to were pointed out at the hearing.