### DALY v. BRADY et al.

*(Circuit Court, S. D. New York. June 19, 1889.)*

COPYRIGHT—FILING TITLE.
    There is no copyright in a dramatic composition entitled "**Under the Gas-Light: A Drama of Life and Love in These Times,**" when the printed copy of title filed under the copyright act reads, "Under the Gas-Light: A Romantic Panorama of the Streets and Homes of New York."

In Equity. Application for injunction.
*S. H. Olin,* for complainant.
*A. J. Dittenhofer,* for defendants.

WALLACE, J. It is to be regretted that it must be held that the complainant has not a valid copyright to his dramatic composition, "Under the Gas-Light: A Drama of Life and Love in These Times," because the copy of the title deposited by him in the clerk's office of the district court reads, "Under the Gas-Light: A Romantic Panorama of the Streets and Homes of New York." The title to a copyright is purely statutory, and a performance of the conditions imposed by the laws of congress is indispensable to its creation, and to the existence of any literary prop-

erty in the published work.    *Wheaton* v. *Peters*, 8 Pet. 591; *Merrell* v. *Tice*, 104 U. S. 557.    Among these conditions the statutes require the deposit of a printed copy of the title of the work before publication in the proper office,—formerly the office of the clerk of the district court of the district of the residence of the author, and now the librarian of congress.    A literal compliance is not requisite; a substantial compliance is.    *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177; *Donnelley* v. *Ivers*, 20 Blatchf. 381, 18 Fed. Rep. 592; *Baker* v. *Taylor*, 2 Blatchf. 82; *Jackson* v. *Walkie*, 29 Fed. Rep. 15.    A verbal difference between the registered title and the published title would not necessarily invalidate the copyright; but when the variance is so material that the substantial identity between the two titles is doubtful, and might deceive the public into the belief that they refer to different publications and themes, it is fatal.    It is patent that there is such a material variance in the present case unless all the title, except "Under the Gas-Light," can be disregarded.    This is not permissible.    It will hardly do to segregate what the author has designated and deposited for registry as the title of his work as a unit into parts, and treat one part as the name and the other as descriptive matter, and eliminate the latter as a part of the title.    If such an analysis were ever permissible, it could not well be made in the present case, because *it is impossible to discriminate between what is the descriptive matter and what is the name.*    The drama might have been called "Under the Gas-Light," or "A Drama of Life and Love in These Times," or "A Romantic Panorama of the Streets and Homes of New York," and either designation would be equally appropriate as a name or as descriptive matter.    When two such names or descriptive terms are incorporated into the title, each becomes an integral part of it, and it may be as reasonably contended that one part of the title can be dropped out as that the other can be.    The motion for an injunction is denied.