### PIERCE & BUSHNELL MANUF'G CO. v. WERCKMEISTER.

(Circuit Court of Appeals, First Circuit. January 24, 1896.)

#### No. 118.

1. COPYRIGHT—PAINTING—COPIES—REV. ST. § 4962.
   The word "copies," in Rev. St. § 4962, requiring a notice of copyright to be inserted in the several copies of the edition of a copyrighted book, or, if the copyrighted article be a map, painting, etc., to be inscribed upon some visible portion thereof, refers not to reproductions of an original, but to the individual copyrighted things, whether one or many. Accordingly, *held* that, in order to maintain an action for the infringement of a copyright of a painting, a notice of copyright must have been inscribed upon some visible portion thereof, when it was published. Colt, Circuit Judge, and Nelson, District Judge, concurring, and Webb, District Judge, dissenting. 63 Fed. 445, reversed.

2. SAME—PUBLICATION.
   A painting which is publicly exhibited is "published," within the meaning of the copyright laws. Colt, Circuit Judge, and Nelson, District Judge, concurring, and Webb, District Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity for infringement of a copyright in a painting entitled "Die Heilige Cäcilie." The artist was Gustav Naujok, a citizen and resident of Germany. The painting was completed in 1891. From January, 1892, to March, 1892, the picture was publicly exhibited by the artist at Berlin, Germany; and at Munich, in the summer of 1892. Upon the 5th day of March, 1892, Naujok made the following assignment:

"I transfer hereby to the Photographische Gesellschaft in Berlin for my work 'Die Heilige Cäcilie' the right of publication,—by which I wish to have understood the exclusive right of reproduction,—against a payment of 500 marks, and nine gratuitous copies thereof.

"Königsberg, in Prussia, March 5, 1892.          Gustav Naujok."

On May 16, 1892, the plaintiff, a citizen of Germany, under the business name of the Photographische Gesellschaft, deposited in the office of the librarian of congress the title of the painting, with the photograph and description thereof, claiming a copyright therein as proprietor, as appears by the following certificate:

"Library of Congress, Copyright Office, Washington.

"To wit: Be it remembered, that on the 16th day of May, Anno Domini 1892, Photographische Gesellschaft, of Berlin, Ger., have deposited in this office the title of a painting, the title or description of which is in the following words, to wit: 'Die Heilige Cäcilie, G. Naujok.' Photo. & descript. on file; the right whereof they claim as proprietors, in conformity with the laws of the United States respecting copyrights.

"A. R. Spofford, Librarian of Congress."

In the summer of 1892 the artist sold the painting; to whom it does not appear. There was no notice of copyright inscribed on the painting, or upon any visible portion thereof. On August 24, 1892, photographic copies of the picture made in Germany by the plaintiff were sent to the United States. These copies were marked: "Copyright 1892, by Photographische Gesellschaft." On September 19, 1892, photographic copies of the picture were published by the plaintiff in Germany. Some time during the year 1893, and prior to the commencement of this suit, in May of that year, a photograph made from one of the photographs taken in Germany by the plaintiff was made, published, and sold by the defendant.

The appellant (defendant below) assigns the following errors: First. That the court, having found that the complainant failed to inscribe the notice required by law upon some visible portion of the painting alleged to be copyrighted, or of the substance on which the same was mounted, erred in finding that he was not thereby debarred from maintaining this action for the infringement of his copyright. Second. That the court erred in finding and holding that the painting alleged to be copyrighted had not been "published," within the sense of the copyright law, prior to the deposit of the description and photograph thereof in the office of the librarian of congress. Third. That the court, having found that the complainant had published copyrightable, but uncopyrighted, photographs of his alleged copyrighted painting, and that the defendant had copied solely the uncopyrighted photograph, and not the copyrighted painting itself, erred in finding that such copying was an infringement of the copyright upon the said painting. Fourth. That the court, having found that the complainant had placed upon the uncopyrighted photographs a notice of copyright, and had failed to place the same upon the copyrighted painting, erred in not finding that the plaintiff, by virtue of such false and incorrect marking of his uncopyrighted photograph, had debarred himself from equitable relief. Fifth. That the court erred in finding that the complainant's uncopyrighted photograph could not have been copyrighted under section 3 of the act of 1891. Sixth. That the court, having found that the complainant had published copyrightable, but uncopyrighted, photographs of the said alleged copyrighted painting, erred in finding that he had not thereby dedicated the right of copying said photographs to the public, including the defendant herein, and therefore also erred in enjoining the defendant herein from copying said copyrightable, but uncopyrighted, photograph. Seventh. That the court erred in finding that the complainant was the proprietor or assign of the said copyrighted picture, or of the right to copyright the same, at the time of his alleged copyrighting thereof, and also erred in finding that the said copyright was rightfully and effectually registered by the complainant in his own name.

Alexander P. Browne and William A. Jenner, for appellant.

Louis C. Raegener, for appellee.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

COLT, Circuit Judge (after stating the facts as above). This is a bill in equity for the infringement of a copyright in a painting. The court below directed a decree for the plaintiff (63 Fed. 445), and the case now comes before us on appeal.

It appears that the appellee, who was the plaintiff below, failed to

inscribe upon some visible portion of the painting alleged to be copyrighted, or upon the substance on which the same was mounted, the notice required by the statute. Rev. St. § 4962; Act June 18, 1874 (18 Stat. 78, pt. 3); Act March 3, 1891 (26 Stat. 1106). This is made the ground of the first assignment of error. To secure a statutory copyright under the laws of the United States, all the prescribed requisites of the statute must be complied with. Wheaton v. Peters, 8 Pet. 591, 664; Parkinson v. Laselle, 3 Sawy. 330, 332, Fed. Cas. No. 10,762; Boucicault v. Hart, 13 Blatchf. 47, 50, Fed. Cas. No. 1,692; Lawrence v. Dana, 4 Cliff. 1, 60, Fed. Cas. No. 8,136. Section 4952 of the statute declares that certain persons shall be entitled to copyright in certain things "upon complying with the provisions of this chapter." Section 4956 declares that "no person shall be entitled to a copyright" unless he shall, on or before the day of publication, deliver at the office of the librarian of congress, or address by mail to said librarian, a printed copy of the title of the book, map, chart, etc., or a description of the painting, drawing, etc., for which he desires a copyright; and that not later than the day of the publication he shall make the proper deposit of two copies of such copyright book, map, chart, etc., or, in case of a painting, drawing, etc., a photograph of the same. But, although a person coming within the class mentioned in section 4952 is entitled to a copyright upon complying with the provisions of section 4956, he cannot enforce any right against infringers except upon giving the notice required by section 4962, as amended by the act of June 18, 1874, which reads as follows:

"No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title-page, or the page immediately following, if it be a book; or if a map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model or design intended to be perfected and completed as a work of the fine arts, by inscribing upon some visible portion thereof. or of the substance on which the same shall be mounted, the following words, viz.: 'Entere. according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington;' or, at his option the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out; thus: 'Copyright, 18—, by A. B.'"

The necessity of this notice is to inform the public. Lithographic Co. v. Sarony, 111 U. S. 53, 55, 4 Sup. Ct. 279.

Copyright, under the statute, is the exclusive right to publish a literary or artistic work. Such work may be a transcript or reproduction from some original manuscript, plate, or negative, as a book, engraving, or photograph, or may itself be an original, as a painting, statue, model, or design; and such work may or may not be published in multiple form. In the case of a book, map, engraving, or photograph, it is commonly published in multiple form; in the case of a painting or statue, it may or may not be published in multiple form. If we confine ourselves to the subjects of copyright, and eliminate from our minds any distinction between "copy" and "original," the meaning of section 4962 seems to be clear. It begins by declaring that "no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by

inserting in the several copies of every edition published," etc. The words "several copies" are not used in the sense of a copy or reproduction from some original, but are used in the sense of each individual copyrighted thing, whether a copy or an original, so called; and the words following, "of every edition published," plainly mean each published production or reproduction of every copyrighted thing. In Webster's International Dictionary we find, among the definitions of the word "copy": "An individual book, as a copy of the Bible;" and it is in this sense the word is used in this section. We copyright a book under sections 4952 and 4956, and section 4962 then requires that, in order to maintain an action for infringement, notice of copyright shall be inserted in each book (whatever may be the form of the book) which is published, and upon each book of every edition or reproduction which is published. The fact that such book may be a copy from some original manuscript is immaterial, and has nothing to do with the notice required by this section. It is the published book, or the book which is made public by offering for sale or otherwise, which must contain the notice. A book is published in multiple form, and no one particular book is any more entitled to be called an original than another. We copyright a map, and section 4962 declares that, in order to enforce our rights against infringers, notice of copyright must be inscribed upon each published map, and upon each map of every edition or reproduction which is published. The fact that a map may be an impression from some original drawing or design is foreign to the question of notice under this section. So far as the law of notice is concerned, there is no such thing as a particular map which may be called the original, but all are original maps as much as any single one. We copyright a chromo, which is a picture produced by the process of chromo-lithography, and section 4962 declares that notice must be inscribed upon every published chromo. Each chromo is as much an "original" as a "copy," and either term applies equally well to all chromos. We copyright a painting, and section 4962 requires notice of copyright upon the published painting, and upon each replica or reproduction which is published. And what has been said with respect to a book, map, chromo, or painting applies to the other copyrighted things enumerated in this section. Section 4962 does not deal with "copies" as distinct from "originals," or with "originals" as distinct from "copies," as those terms are commonly understood; but it deals with published copyrighted things, and it declares that no action for infringement will lie unless each copyrighted thing which is published or made public, be it a "copy," so called, or an "original," so called, or another edition or reproduction of such copy or original, has inscribed upon it the notice of copyright. The notice required by this section only applies to published copyrighted things, and has no application to copyrighted things which are not published. An artist may desire to copyright his original painting, not for the purpose of publishing it, but for the purpose of protecting his published replica. While his original painting remains unpublished, it is unnecessary to put

any notice of copyright upon it, but the notice is only required upon the published replica; and so, in the case of a design or model, no notice is necessary upon the unpublished originals while they remain unpublished, but only upon the published reproductions.

The proposition which has been advanced in this case that no notice is required by section 4962 upon a published original copyrighted painting, but only upon a published reproduction, seems clearly untenable. It leads to the following results: An artist need not put any notice upon his published original copyrighted painting, but must put it upon his published replica. A sculptor need not put any notice upon his published original copyrighted statue, but must put it upon a duplicate or reproduction. An original copyrighted painting, which is publicly exhibited everywhere, without reservation, is protected from copying without giving any notice of copyright to the public, while a published replica, to secure protection, must be inscribed with notice. An original copyrighted statue, which is publicly exhibited in a park or gallery, without any kind of reservation, is protected against copying without notice; while a published duplicate or reproduction is unprotected, in the absence of notice. When a copyrighted original and duplicate of a painting or a statue are publicly exhibited together, without reservation, the originals are protected from copying without notice, while the duplicates must be inscribed with notice. In view of the express language and evident purpose of section 4962, a construction which requires a person to give notice of copyright on "his copyright" book, map, chart, musical composition, print, cut, engraving, photograph, and chromo, which are published, and which requires no notice of copyright on "his copyright" painting, drawing, statue, statuary, model, or design, which are published, should not be adopted if this section be capable of another interpretation which makes it harmonious and applicable alike to all the enumerated subjects of copyright.

Under the statute of 8 Anne, copyright commences from the first day of publication. The first publication is the foundation of the right, and a condition precedent to the existence of the right. Whatever right the author may have possessed before publication must have been at common law. Jefferys v. Boosey, 4 H. L. Cas. 815, 847, 886, 955. In this country, under the statute, copyright is granted for a limited term from the time of recording the title (section 4953); but this is done for the purpose of protecting the author between the first and last acts necessary to perfect the copyright. Statutory copyright is obtained for the purpose of protection after publication, which at common law works a forfeiture.

The bill in this case alleges publication of the painting on or about September 15, 1892. The evidence shows that the painting was publicly exhibited in Berlin, from January to March, 1892; and at Munich, in the summer of 1892. Under these circumstances, we hold that the alleged copyrighted painting has been "published," within the meaning of section 4962, and should have been inscribed with notice of copyright in order to entitle the plaintiff to main-

tain this action for infringement.    Upon this ground, and without passing upon the other questions raised by the assignment of errors, the decree of the circuit court is reversed, and the cause remanded to that court, with directions to dismiss the bill, with costs.

WEBB, District Judge.    I cannot concur with either the reasoning or the conclusions of the majority of the court, but am of opinion that the judgment of the circuit court should be affirmed.

NOTE. The statutes relating to copyright (Rev. St. tit. 60, c. 3, p. 957; Act June 18, 1874 [18 Stat. 78, pt. 3]; Act March 3, 1891 [26 Stat. 1106]) material to the present controversy are:

"Sec. 4952. The author, inventor, designer or proprietor of any book, map, chart, dramatic or musical composition, engraving, cut, print, or photograph or negative thereof, or of a painting, drawing, chromo, statue, statuary, and of models or designs intended to be perfected as works of the fine arts, and the executors, administrators or assigns of any such person shall, upon complying with the provisions of this chapter, have the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing, and vending the same," etc.

"Sec. 4956. No person shall be entitled to a copyright unless he shall, on or before the day of publication in this or any foreign country, deliver at the office of the librarian of congress, or deposit in the mail within the United States, addressed to the librarian of congress, at Washington, District of Columbia, a printed copy of the title of the book, map, chart, dramatic or musical composition, engraving, cut, print, photograph, or chromo, or a description of the painting, drawing, statue, statuary, or a model or design for a work of the fine arts for which he desires a copyright, nor unless he shall also, not later than the day of the publication thereof, in this or any foreign country, deliver at the office of the librarian of congress, at Washington, District of Columbia, or deposit in the mail within the United States, addressed to the librarian of congress, at Washington, District of Columbia, two copies of such copyright book, map, chart, dramatic or musical composition, engraving, chromo, cut, print, or photograph, or in case of a painting, drawing, statue, statuary, model, or design for a work of the fine arts, a photograph of same: provided, that in the case of a book, photograph, chromo, or lithograph, the two copies of the same required to be delivered or deposited as above shall be printed from type set within the limits of the United States, or from plates made therefrom, or from negatives, or drawings on stone made within the limits of the United States, or from transfers made therefrom.    During the existence of such copyright the importation into the United States of any book, chromo, lithograph, or photograph, so copyrighted, or any edition or editions thereof, or any plates of the same not made from type set, negatives, or drawings on stone made within the limits of the United States, shall be, and it is hereby, prohibited, except," etc.

"Sec. 4962. No person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title-page, or the page immediately following, if it be a book; or if a map, chart, musical composition, print, cut, engraving, photograph, painting, drawing, chromo, statue, statuary, or model or design intended to be perfected and completed as a work of the fine arts, by inscribing upon some visible portion thereof, or of the substance on which the same shall be mounted, the following words, viz.: 'Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington;' or, at his option the word 'Copyright,' together with the year the copyright was entered, and the name of the party by whom it was taken out, thus:    'Copyright, 18—, by A. B.' "

"Sec. 4963. Every person who shall insert or impress such notice, or words of the same purport, in or upon any book, map, chart, dramatic or musical composition, print, cut, engraving, or photograph, or other article, for which he has not obtained a copyright, shall be liable to a penalty of one hundred

dollars, recoverable one-half for the person who shall sue for such penalty and one-half to the use of the United States.

"Sec. 4964. Every person, who after the recording of the title of any book and the depositing of two copies of such book, as provided by this act, shall, contrary to the provisions of this act, within the term limited, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, print, publish, dramatize, translate, or import, or, knowing the same to be so printed, published, dramatized, translated, or imported, shall sell or expose to sale any copy of such book, shall forfeit every copy thereof to such proprietor, and shall also forfeit and pay such damages as may be recovered in a civil action by such proprietor in any court of competent jurisdiction.

"Sec. 4965. If any person, after the recording of the title of any map, chart, dramatic or musical composition, print, cut, engraving, or photograph, or chromo, or of the description of any painting, drawing, statue, statuary, or model or design intended to be perfected and executed as a work of the fine arts, as provided by this act, shall, within the term limited, contrary to the provisions of this act, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish, dramatize, translate, or import, either in whole or in part, or by varying the main design with intent to evade the law, or, knowing the same to be so printed, published, dramatized, translated, or imported, shall sell or expose to sale any copy of such map or other article as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed. copied, published, imported, or exposed for sale, and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale;* one-half thereof to the proprietor and the other half to the use of the United States."

*This section was amended March 2, 1895, to read from here on as follows: "Provided, however, that in case of any such infringement of the copyright of a photograph made from any object not a work of fine arts, the sum to be recovered in any action brought under the provisions of this section shall not be less than one hundred dollars, nor more than five thousand dollars; and provided, further, that in case of any such infringement of the copyright of a painting, drawing, statue, engraving, etching, print, or model or design for a work of the fine arts or of a photograph of a work of the fine arts, the sum to be recovered in any action brought through the provisions of this section shall be not less than two hundred and fifty dollars, and not more than ten thousand dollars. One-half of all the foregoing penalties shall go to the proprietors of the copyright and the other half to the use of the United States." 28 Stat. 965.