### WERCKMEISTER v. AMERICAN LITHOGRAPHIC CO. et al.

(Circuit Court, S. D. New York. Aug. 1, 1902.)

1. COPYRIGHT—PICTURE—EXHIBITION WITHOUT NOTICE OF COPYRIGHT—PUBLICATION—INJUNCTION.

> An artist transferred to complainant the copyright in his picture, and complainant caused it to be copyrighted in this country, and published copies, all of which carried the notice of copyright required by Rev. St. § 4962, as amended by the act of June 18, 1874. After such transfer the picture was publicly displayed at the exhibition of the Royal Academy of Arts at London for several months, without a notice of the copyright. Thereafter defendants published copies of the picture, and complainant sought to restrain their further publication. *Held*, that such exhibition of the picture was a publication thereof within the meaning of such section; hence the injunction should be denied.

Briesen & Knauth, for complainant.
Wetmore & Jenner, for defendants.

THOMAS, District Judge. One Sadler, living in England, designed, painted, and was the owner of a picture called "Chorus." The complainant gives evidence of the following instrument executed by said Sadler:

"I hereby transfer the copyright in my picture 'Chorus' to the Photographische Gesellschaft, Berlin (The Berlin Photographic Company), for the sum of two hundred pounds.

"London, April 2, 1894.                                    W. Dendy Sadler."

The complainant also produces the following:

"I hereby certify that on February 3rd, 1894, the proprietor of the Photographische Gesellschaft, Berlin, Germany (The Berlin Photographic Company), Mr. Emil Werckmeister, of Berlin, bought from me the copyright of my picture 'Chorus' for the sum of two hundred pounds sterling, and that the picture was forwarded to the Photographische Gesellschaft, Berlin, for the purpose of reproduction in the first days of March, 1894.

"Hemingford Grey.

"St. Ives, 3rd July, 1902.                                 Walter Dendy Sadler."

The complainant also offers the following:

"Library of Congress, to wit: Be it remembered, that on the sixteenth day of April, Anno Domini 1894, Photographische Gesellschaft, of Berlin, Ger., have deposited in this office the title of a painting, the title or description of which is in the following words, to wit: 'Chorus.' W. Dendy Sadler. (Photo. on file.) A company of gentlemen with filled glasses, singing in chorus. The right whereof they claim as proprietors, in conformity with the laws of the United States respecting copyrights.

"A. R. Spofford, Librarian of Congress."

All copies of the painting issued by the complainant have carried the notice of copyright required by section 4962, Rev. St., amended by the act of June 18, 1874. The painting itself was publicly displayed at the exhibition of the Royal Academy of Arts, which opened on the 7th day of May, 1894, at London. The evidence shows that such exhibitions begin in the early part of May, and continue during the week days until August, and that they are open to the public generally upon the payment of an admission fee of one shilling by each person admitted. The catalogue of the exhibition, under the title of "Gallery No. X, Oil Paintings (Nos. 781–863)," mentions as No. 810 the painting entitled "Chorus," and "W. Dendy Sadler" as the name of the artist. The painting did not contain the notice of copyright. The thing copyrighted was the painting. If exhibited, it should bear the notice demanded by the statute, if the copyright would be maintained. Manufacturing Co. v. Werckmeister, 18 C. C. A. 431, 72 Fed. 54, 58. This case is also authority imperative upon this court that the exhibition of the painting in the manner stated was a publication within the meaning of section 4962. Assuming that the artist, by the instrument executed by him, authorized the complainant to procure the copyright, then it would follow that the complainant had the right to do precisely what the artist himself could have done, and that his rights were subject to the same burdens. The author and proprietor of a painting cannot enable another to take the copyright, reserving to himself the painting, thereby releasing the assignee from his statutory duty. The statute commands that the subject of the copyright—here the painting—shall, if displayed, bear the notice. The complainant's position seems to be that, if he place the proper notice upon the copies, his copyright is protected, although the artist expose the painting to the public.

The complainant could not arrange to procure the copyright in his own behalf, leaving the painting with the artist and proprietor, and rid himself of the responsibility which the statute places upon the owner of the copyright, viz., that the painting, if publicly displayed, shall bear the requisite notice. The rights and obligations of the complainant are those conferred and imposed by the statute upon the author, designer, or proprietor. It is true that the artist, by displaying the picture, has wronged the complainant; but he has also misled the public, and has been able to do this by the failure of the complainant to see to it that the duty imposed by the statute was fulfilled. In short, the statute gives to the assignee what it gives to the assignor, and no more, and all conditions subsequent that would operate against the assignor are equally effective against the assignee. The duty demanded by the statute has not been performed, and it is to be presumed that, in consequence of such nonfulfillment, the persons intended by the statute to be warned that the painting was copyrighted have not been so advised, and have acted accordingly.

The motion for a preliminary injunction must be denied.