FRANCIS E. KELLY *vs.* STATE BALLOT LAW COMMISSION
(and a companion case[1]).

Suffolk.    June 21, 1944. — June 21, 1944.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & SPALDING, JJ.

*Elections.    State Ballot Law Commission.    Certificate.*

A document, filed with the State ballot law commission by one objecting
to nomination papers of a candidate at a primary for nomination as
a Democrat for a State office, and purporting to issue from the office
of the board of election commissioners of Boston and to be signed
by a member of the board and certifying merely "that, as appears
by the records of this office, the name of" the objector "is borne
upon the Voting List of" a designated ward and precinct of Boston,
although at its top was a statement, "Enrolled Democrat Frank A.
Sughrue   Elect. Dept.," did not meet the requirements of § 26 of G. L.
(Ter. Ed.) c. 53, in the amended form appearing in St. 1943, c. 334,
§ 12, that, before such an objection should be considered by the State
commission, there should be filed with them "a certificate of enrolment
issued by the board of registrars of voters [in Boston, the board of
election commissioners], or the clerk of the same . . . stating that"
the objector "is an enrolled voter of the party whose nomination is
sought."

The requirements of G. L. (Ter. Ed.) c. 53, § 26, in the amended form
appearing in St. 1943, c. 334, § 12, as to the filing of a certificate of
enrollment of an objector to nomination papers as a prerequisite to
consideration of the objections by the State ballot law commission
and other boards authorized to hear them, are clear and mandatory,
and, if such requirements are not met, the commission has no juris-
diction to hear the objections and any action it takes based on them
is void.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on June 12, 1944, for a writ of certiorari;
also a

PETITION, filed in the same court on the same day, for a
writ of mandamus.

The respondents voluntarily filed a return to the petition

---

[1] The companion case is Francis E. Kelly *vs.* Secretary of the Common-
wealth.

for a writ of certiorari.   Therein was set out a copy of the certificate filed with them, as follows:

"Enrolled Democrat
    Frank A. Sughrue
        Elect. Dept.

Boston........................194....
        (Stamped)    Board of
                     Election Comrs
                     May 29 '44
                     Boston, Mass.

This is to certify that, as appears by the records of this office, the name of

Francis D. Harrigan
300 Bowdoin Street

is borne upon the Voting List of Ward 15 Precinct 4 City of Boston, for the year 1944.

Board of Election Commissioners
(Not to be used for entering or leaving the United States)
        (sgd.)   William A. Motley, Jr., Commissioner"

To the petition for a writ of mandamus, the respondent filed an answer containing an averment that, by reason of the decision of the State ballot law commission, he "has omitted and intends to omit the name of" the petitioner "from the official ballot" at the primary.

The cases were heard together by *Lummus*, J., by whose order there was entered in the certiorari case a judgment quashing the proceedings and decision of the State ballot law commission, and in the mandamus case a judgment ordering the Secretary of the Commonwealth "not to print or cause to be printed any further ballots, the forms of which are not already locked in, under the designation 'Democratic,' to be used at the Primary Election, to be held July 11, 1944, which do not contain the name of" the petitioner "as a candidate for the office of Attorney General, with the eight words denoting public offices formerly held by" him; and further ordering him "forthwith to print or cause to be printed upon all ballots not already printed the forms of which are not already locked in under the designation 'Democratic' to be used at the Primary Election, July 11, 1944, the name" of the petitioner

"together with the eight words denoting public offices formerly held by" him.  The respondents appealed from such judgments.

The cases were submitted on briefs.

*R. T. Bushnell*, Attorney General, *& R. Clapp*, Assistant Attorney General, for the respondents.

*F. L. Simpson & E. O'Callaghan*, for the petitioner.

FIELD, C.J.   These are appeals from final judgments entered by a single justice upon a petition for a writ of certiorari against the State ballot law commission and a petition for a writ of mandamus against the Secretary of the Commonwealth.  G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.  The judgment upon the petition for a writ of certiorari quashed the proceedings and the decision therein of the State ballot law commission ordering that the name of "said Francis E. Kelly" should "not appear upon the official ballot as a candidate for the office of Attorney General under the political designation of Democratic."  The judgment upon the petition for a writ of mandamus was that such a writ should issue commanding the Secretary of the Commonwealth to print or cause to be printed the name of Francis E. Kelly upon the official ballot.  The details of these judgments need not be recited.

The question decisive of both cases is whether the State ballot law commission had jurisdiction to render the decision rendered by it in view of the provision added by St. 1943, c. 334, § 12, to G. L. (Ter. Ed.) c. 53, § 26, relating to objections to nomination papers of candidates to be voted for at the State primaries: "No such objection shall be considered by the boards provided for in section twelve, unless there is filed with such board a certificate of enrolment issued by the board of registrars of voters, or the clerk of the same, where the person filing the objections resides, stating that he is an enrolled voter of the party whose nomination is sought."

Objections to nomination papers of said Kelly were duly filed by Francis D. Harrigan with the Secretary of the Commonwealth and were by him transmitted to the State ballot law commission.  Thereafter said Harrigan filed with the State ballot law commission a document for the purpose of

complying with the requirement of G. L. (Ter. Ed.) c. 53, § 26, as amended by St. 1943, c. 334, § 12, of a "certificate of enrolment." This document purported to be a certificate that it appeared from the records of the office of the board of election commissioners of the city of Boston that the name of said Harrigan "is borne upon the Voting List of Ward 15 Precinct 4 City of Boston, for the year 1944." Such a document obviously was not a "certificate of enrolment" that the said Harrigan was "an enrolled voter of the party whose nomination is sought," within the meaning of the governing statutory provision. The statutes contain express provisions relating to party enrolment. G. L. (Ter. Ed.) c. 53, §§ 37–38, as amended by St. 1943, c. 334, §§ 14–15. A person whose name is "borne upon the Voting List" is not necessarily "an enrolled voter" of any party.

The defect in the document as a "certificate of enrolment" was not cured by the statement at the top thereof "Enrolled Democrat Frank A. Sughrue Elect. Dept." There is no separate certification of this fact, and the document as a whole cannot properly be read as certifying this fact. The words quoted are not incorporated in the body of the document to which alone the words of certification apply. And we think that the words cannot be read into the body of the document as a certification that said Harrigan was an "Enrolled Democrat." For aught that appears upon the face of the document, the words "Enrolled Democrat" constitute merely a memorandum. See *Merrell* v. *Tice*, 104 U. S. 557, 561. Although these words are followed by the words "Frank A. Sughrue Elect. Dept.," they are not clearly authenticated as descriptive of a fact appearing on the records of the board of election commissioners, such an authentication being the purpose of the required certificate.

It is unnecessary to determine whether the document filed with the State ballot law commission was defective in any other respect as a "certificate of enrolment."

In the absence of a "certificate of enrolment" in conformity with the statutory requirement, the State ballot law commission had no jurisdiction to consider the objec-

tions of Francis D. Harrigan to the nomination papers of Francis E. Kelly. The language of the statute is clearly mandatory, prohibiting consideration of objections in the absence of a "certificate of enrolment." We cannot read into the statutory provision any exception on the ground of the probable purpose of the Legislature in enacting it. The statutory prohibition is stated in clear language and must be regarded as expressing the legislative intention.

The decision here rendered upon the petition for a writ of certiorari is decisive upon the petition for a writ of mandamus. The final judgment entered on each of these petitions must be affirmed.

*Ordered accordingly.*