## Case No. 9,121.

### MARSH et al. v. WARREN et al.

[14 Blatchf. 263;[1] 13 O. G. 7; 14 O. G. 678; 24 Pittsb. Leg. J. 207; 9 Chi. Leg. News, 395; 4 Am. Law T. 126; 23 Int. Rev. Rec. 282, 288; 2 Cin. Law Bul. 203.]

Circuit Court, S. D. New York.　June 19, 1877.

COPYRIGHT—PRINTS—LABELS—REGISTRATION.

The statutory provisions which confer the rights and regulate the remedies of persons who register in the patent office, under the act of June 18, 1874 (18 Stat. 78), prints or labels designed to be used for any other articles of manufacture than pictorial illustrations and works connected with the fine arts, are those which are contained in sections 4948–4971 of the Revised Statutes, in regard to copyrights.

[Cited in Rosenbach v. Dreyfuss, 2 Fed. 223; Higgins v. Keuffel, 30 Fed. 627.]

· [This was a motion for an injunction by James L. Marsh and others against George Warren and Alexander L. Fairweather.]

Amos Broadnax, for plaintiffs.
Hall & Blandy, for defendants.

BLATCHFORD, District Judge. The statutory provisions which confer the rights and regulate the remedies of persons who register in the patent office, under the act of June 18, 1874 (18 Stat. 78), prints or labels designed to be used for any other articles of manufacture than pictorial illustrations and works connected with the fine arts, are those which are contained in sections 4948–4971 of the Revised Statutes, in regard to copyrights. The exclusive right of printing and publishing, given by section 4952, is given to the author or proprietor only on complying with the provisions of sections 4948–4971. One of those provisions (section 4956) is, that no person shall be entitled to a copyright unless he shall, "before publication," deliver at the proper office, (in this case the patent office,) a printed copy of the title of the article in respect of which the copyright is to be claimed. In the present case the first label and its title were registered September 24th, 1875. I understand the bill to state that this label was used by the plaintiffs' assignors, in the sale of their mixture, and of the bottles containing it, to which such label was affixed, before that date, and as early as the mixture itself was sold, to wit, June or July, 1875. The sale

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

of the bottles of the mixture, with the label on it, was a publication of the label. At all events, the bill does not allege that the title and label were deposited before the publication of the label. Such averment is necessary. As to the other three labels, they and their titles were registered March 20th, 1877, and I understand the bill to state that those labels were used by the plaintiffs before that date, in the sale of the mixture.

The motion for an injunction is denied.