LOUIS DEJONGE & CO. v. BREUKER & KESSLER CO.

(Circuit Court of Appeals, Third Circuit. November 6, 1911.)

No. 26 (1,521).

1. COPYRIGHTS (§ 26*) — PERSONS ENTITLED TO PROTECTION — NECESSITY OF STRICT COMPLIANCE WITH STATUTE.

Protection under the copyright law is granted only to those who perform the conditions essential to a perfect copyright title.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 26.*

Persons entitled to copyrights, see note to Saake v. Lederer, 98 C. C. A. 573.]

2. COPYRIGHTS (§ 29*) — INFRINGEMENT — PERSONS ENTITLED TO MAINTAIN SUIT.

Under Rev. St. § 4952 (U. S. Comp. St. 1901, p. 3406), which gives to the author or proprietor of a painting, upon compliance with the provisions of the copyright law, the sole liberty of copying and vending the same, and Act June 18, 1874, c. 301, § 1, 18 Stat. 78 (U. S. Comp. St. 1901, p. 3411), which provides that no person shall maintain an action for infringement of his copyright of a painting, unless he shall inscribe a notice of the same "on some visible portion thereof or of the substance in which the same shall be mounted," construed together, a single notice on a sheet containing a dozen copies of a copyrighted painting is not such a compliance with the statute as will sustain a suit for infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 29, 30; Dec. Dig. § 29.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by Louis Dejonge & Co. against the Breuker & Kessler Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 182 Fed. 150.

Seward Davis, for appellant.

Frank S. Busser, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. [1] In this case the Circuit Court decided (182 Fed. 150) that a painting, if it possess artistic merit and be suitable, also, for use as a design, may, at the owner's election, be protected either by copyright or by patent. On this broad question we express no opinion. The case before us can be disposed of on the ground that, assuming that the complainant's painting is such a

one, the statutory conditions precedent to the investiture of the right to protection under the copyright law have not been complied with. For 75 years it has been the settled law of this country that protection under the copyright law is granted only to those who perform the conditions essential to a perfect copyright title. Wheaton v. Peters, 8 Pet. 591, 665, 8 L. Ed. 1055; Merrell v. Tice, 104 U. S. 557, 560, 26 L. Ed. 854; Callaghan v. Myers, 128 U. S. 617, 652, 9 Sup. Ct. 177, 32 L. Ed. 547; Thompson v. Hubbard, 131 U. S. 148–150, 9 Sup. Ct. 710, 33 L. Ed. 76; Higgins v. Keuffel, 140 U. S. 428, 11 Sup. Ct. 731, 35 L. Ed. 470; Pierce & Bushnell Mfg. Co. v. Werckmeister, 72 Fed. 54, 18 C. C. A. 431; Osgood v. A. S. Aloe Instrument Co. (C. C.) 83 Fed. 470; Freeman v. Trade Register (C. C.) 173 Fed. 419. Copyright protection is wholly statutory, and one who claims it must prove affirmatively his performance of all the statutory conditions precedent to his right of action.

· [2] In the case before us the subject of the alleged copyright is a painting. Section 4952 of the Revised Statutes (U. S. Comp. St. 1901, p. 3406) gives to each author or proprietor of a painting, upon complying with the provisions of the chapter concerning copyright, the sole liberty of copying and vending the same. The first section of the act of June 18, 1874, c. 301, 18 Stat. 78 (U. S. Comp. St. 1901, p. 3411), which supersedes section 4962 of that chapter, declares that no person shall maintain an action for the infringement of his copyright, "unless he shall give notice thereof, * * * if a * * * painting, * * * by inscribing upon some visible portion thereof, or of the substance on which the same shall be mounted, the following words," etc. This language means that each reproduction or copy of the painting must be accompanied with the statutory notice, as the Circuit Court properly held. It is not sufficient to affix the notice to one 'in each dozen reproductions of the painting, as was done in this case. Section 4952, which gives to the author or proprietor of a painting the sole liberty of copying it and selling the copies, and section 1 of the act of June 18, 1874, concerning notice, taken together, mean that no perfect title to a copyright can be had, unless every copy sold contains the prescribed notice. The purpose of the notice is to inform the public.· Obviously, a single notice on a sheet containing a dozen copies of a painting is not the notice contemplated by Congress.

The decree dismissing the bill of complaint is affirmed, for want of a sufficient copyright notice.