# DEJONGE & COMPANY *v.* BREUKER & KESSLER COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 18.  Argued October 27, 28, 1914.—Decided November 9, 1914.

Under Rev. Stat., §§ 4952, 4970, as they were before the act of March 4, 1909, every reproduction of a copyrighted work must bear the statutory notice.  One notice is not sufficient for several reproductions on the same sheet, even though the several reproductions make one harmonious whole.

Although a painting may be patentable as a design, if the owner elects to copyright he must protect his copyright by repeating the statutory notice on every reproduction thereof.

191 Fed. Rep. 35, affirmed.

THE facts, which involve the construction of the copyright law as to the statutory notice of copyright upon reproductions of paintings, are stated in the opinion.

*Mr. Seward Davis*, with whom *Mr. Walter F. Thompson* and *Mr. Charles E. Wilson* were on the brief, for appellant:

In an action in equity under Rev. Stat., § 4970, the provisions of Rev. Stat., § 4962, are to be liberally construed.  See amendments by act of June 18, 1874, c. 301, 18 Stat. 78; *Amer. Tobacco Co.* v. *Werckmeister*, 207 U. S. 284, 291; *Bobbs-Merrill* v. *Straus*, 210 U. S. 337; *Globe Newspaper Co.* v. *Walker*, 210 U. S. 356; *Myers* v. *Callaghan*, 5 Fed. Rep. 726, 732; *S. C.*, affirmed, 128 U. S. 617; *Holmes* v. *Donohue*, 77 Fed. Rep. 179; *Werckmeister* v. *Amer. Lithographic Co.*, 142 Fed. Rep. 827; *S. C.*, aff'd, 146 Fed. Rep. 377; 207 U. S. 284; *Harper Bros* v. *Donohue*, 144 Fed. Rep. 491, 496; *Ford* v. *Blaney Co.*, 148 Fed. Rep. 642; *Dam* v. *Kirk La Shelle Co.*, 175 Fed. Rep. 902, 906.

See also *Bolles* v. *Outing Co.*, 175 U. S. 262; *Mifflin* v. *White & Co.*, 190 U. S. 260, 264; *Edison* v. *Lubin*, 119 Fed. Rep. 993; *S. C.*, 122 Fed. Rep. 240.

Rev. Stat., § 4962, when reasonably construed requires only substantial compliance as to notice. In this respect it differs from §§ 4964 and 4965. *Snow* v. *Mast*, 65 Fed. Rep. 995; *Bolles* v. *Outing Co.*, 175 U. S. 262; *Mifflin* v. *White & Co.*, 190 U. S. 260, at 264; *Callaghan* v. *Myers*, 128 U. S. 617; *Falk* v. *Schumacher*, 48 Fed. Rep. 222; *Blume* v. *Spear*, 30 Fed. Rep. 629; *Werckmeister* v. *Springer Litho. Co.*, 63 Fed. Rep. 808; *Falk* v. *Gast Litho. Co.*, 54 Fed. Rep. 890; *Hilles* v. *Austrich*, 120 Fed. Rep. 862; 7 Amer. & Eng. Ency. Law, 555.

Complainant's notice complied substantially with the statutory requirements. *Burrow-Giles Co.* v. *Sarony*, 111 U. S. 53, 55, 56; *Amer. Tobacco Co.* v. *Werckmeister*, 207 U. S. 284, 294.

Complainant's marking complies with the trade custom. *Knotts* v. *Va. Car Co.*, 204 Fed. Rep. 926.

The requirement of separate marking of each integer of complainant's multiple copy is literal and unreasonable, because it would render the reproduction valueless. See *Edison* v. *Lubin*, 122 Fed. Rep. 240, overruling *S. C.*, 119 Fed. Rep. 993.

In considering the requirement of the statute it should be construed having in view the character of the property intended to be protected. *Amer. Tobacco Co.* v. *Werckmeister*, 207 U. S. 284.

To require a marking that destroys is unreasonable. *In re Pingree-Tranny Co.*, 197 O. G. 997, Ewing Commr.; *Knotts* v. *Va. Car Co.*, *supra*.

If the copy be marked with the statutory notice by the proprietor, subsequent removal of the mark does not affect the copyright. *Falk* v. *Gast Litho. Co.*, 48 Fed. Rep. 262; *S. C.*, aff'd 54 Fed. Rep. 890; *Edison* v. *Lubin*, 122 Fed. Rep. 240.

The use to which the reproduction of a copyright may be put does not affect the copyright. *Falk* v. *Donaldson,* 57 Fed. Rep. 32, 36; *Yuengling* v. *Schile,* 12 Fed. Rep. 97; *Schumacher* v. *Schwencke,* 25 Fed. Rep. 466; *Bleistein* v. *Donaldson Litho. Co.,* 188 U. S. 239.

The copyright notice was sufficient. *Edison* v. *Lubin,* 119 Fed. Rep. 993, rev'd, 122 Fed. Rep. 240; *Harper* v. *Kalem Co.,* 169 Fed. Rep. 61; *America Mutoscope Co.* v. *Edison Mfg. Co.,* 137 Fed. Rep. 262, 266.

It is inequitable to hold a copyright invalid against one not claiming to have been deceived or misled. *Black* v. *Allen Co.,* 65 Fed. Rep. 764; *Hilles* v. *Hoover,* 136 Fed. Rep. 701; *Callaghan* v. *Myers,* 128 U. S. 617.

The painting was copyrightable as such. *Bleistein* v. *Donaldson Litho. Co.,* 188 U. S. 239.

Defendant has itself infringed. *Gorham Mfg. Co.* v. *White,* 14 Wall. 511; *Gross* v. *Seligman,* 212 Fed. Rep. 930; *Falk* v. *Donaldson,* 57 Fed. Rep. 32; *Encyclopedia Britannica Co.* v. *Amer. Newspaper Ass'n,* 130 Fed. Rep. 460, 464; *S. C.,* aff'd, 134 Fed. Rep. 831.

Where the court has found a fact upon contradictory evidence, its conclusion will rarely be disturbed. Foster's Fed. Prac., 4th ed., p. 2136, and cases cited.

Under the exceptional facts peculiar to this case, the court erred in dismissing the bill.

*Mr. Frank S. Busser* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain an alleged infringement of a copyright under the law as it was before the act of March 4, 1909, c. 320, 35 Stat. 1075; *viz.* Rev. Stat., §§ 4952, 4970; act of June 18, 1874, c. 301, 18 Stat. 78. The work alleged to be infringed was described as a painting repre-

senting sprigs of holly, mistletoe and spruce, arranged in
the form of an open cluster having substantially the out-
line of a square. It was exhibited in court, was a water
color painting in fact, and no doubt might have been
framed and used for the same purposes of pleasure as
other more considerable works of art. But it was so
designed that it could be reproduced in repetitions that
fitted and continued one another side by side and above
and below, and was reproduced in that way with twelve
repetitions upon strips of paper having much the look of
wall paper and intended to be used in covering or wrapping
boxes during the holiday season. Each strip bore a single
notice of copyright. The Circuit Court, assuming that
infringement was established, was of opinion that the
work was a painting capable of copyright and also a de-
sign patentable as such, but held that, as the appellant
had elected to copyright, the notice must be repeated on
each of the twelve squares, although they did not present
themselves as separate squares on the continuous strip.
182 Fed. Rep. 150. The Circuit Court of Appeals, re-
serving its opinion as to whether the sphere of copyright
and patent for design overlapped, agreed with the Circuit
Court that, if this was a painting, every reproduction of
it must bear the statutory notice, and affirmed the dis-
missal of the bill. 191 Fed. Rep. 35, 111 C. C. A. 567.

It seems to us that the case is disposed of by the state-
ment. The thing protected and the only thing was the
painting, the whole of which was reproduced in a single
square. Every reproduction of a copyrighted work must
bear the statutory notice. *American Tobacco Co.* v.
*Werckmeister*, 207 U. S. 284, 294. It is suggested that it
is overtechnical to require a repetition of the notice upon
every square in a single sheet that makes a harmonious
whole. This argument tacitly assumes that we can look
to such larger unity as the sheet possesses. But that
unity is only the unity of a design that is not patented.

The protected object does not gain more extensive privileges by being repeated several times upon one sheet of paper, as any one would recognize if it were the Gioconda. The appellant is claiming the same rights as if this work were one of the masterpieces of the world, and he must take them with the same limitations that would apply to a portrait, a holy family, or a scene of war.

*Decree affirmed.*