## HOAGUE–SPRAGUE CORPORATION v. FRANK C. MEYER CO., Inc.

District Court, E. D. New York. March 22, 1929.

No. 3605.

See, also, 27 F.(2d) 176.

Fish, Richardson & Neave, of Boston, Mass. (A. D. Salinger and Hector M. Holmes, both of Boston, Mass., of counsel), for plaintiff.

Dyke & Schaines, of New York City (Herbert H. Dyke and Charles G. Bond, both of New York City, of counsel), for defendant.

584

CAMPBELL, District Judge. This is a suit for infringement of a copyright owned by the plaintiff. Plaintiff is a manufacturer of shoe boxes.

Formerly the bulk of shoe boxes were plain white boxes; others were covered with colored paper, with a label on one end. There came a demand for shoe boxes entirely covered with a wrap of special design covering the whole box. This is termed a whole wrap.

Plaintiff satisfied the demands by purchasing wrappers from other box makers or lithographers, but about 1927, when the demand for the decorative whole wraps began to increase, plaintiff commenced creating and producing whole wraps of a decorative character and a special design, and has continued to create and produce specially designed whole wraps for shoe boxes.

Plaintiff has created a large number of designs at a substantial cost to it. No purchaser contributes to the cost of the creation of the designs, but designs are made at plaintiff's expense, to suit customers, often including a form of words or some specific trade insignia desired by the purchaser. The designs are the property of the plaintiff and are copyrighted by it.

This is a common practice in this trade. At the request of Mr. Rosenthal, of the Royal Shoe Stores, plaintiff had printed between December 13 and 20, 1927, approximately 25,000 specially designed royal de luxe wraps, the wraps in suit, the quantity which he indicated would answer its then present requirements, and which it desired plaintiff should stock. All of these wraps bear the copyright notice.

Promptly after the first printing in December, 1927, plaintiff, as proprietor, filed its application in the Patent Office for registration of its copyright for the label or wrap in suit. On February 14, 1928, the Patent Office issued to the plaintiff, on such application, a certificate of registration, No. 33,440.

Mr. Rosenthal, of the Royal Shoe Stores, promptly called on the plaintiff, after the 25,000 whole wraps were printed, and took a few boxes, bearing the wrap in suit, to leave with his shoe manufacturers as the box in which he wanted his shoes delivered. No order for boxes bearing the wrap in suit was received by the plaintiff until April, 1928, after this suit had been commenced, but at the request of the Royal Shoe Stores certain end labels were furnished to them by the plaintiff. Plaintiff learned in January, 1928, that the defendant was supplying the alleged infringing boxes.

No time need be spent in discussing the question of infringement, as the wrapping of the box stipulated to have been made and sold by the defendant in January, 1928, and the boxes bearing the same wrapper, whose manufacture and sale continued during February and March, 1928, were of precisely the same design as the wrap in suit, but the defendant's wrap was inferior in quality of reproduction and workmanship.

The wrap or label in question is a genuine label, created and used for decorative purposes in connection with an article of manufacture. It is an original creation of a decorative character, the product of creative or intellectual labor. Defendant has shown its opinion of plaintiff's said label by its desire to reproduce it, and that opinion must be persuasive with us.

Defendant contends that the copyright in suit is invalid, because of repeal of the law under which registration is effected; but I cannot agree with that contention. Copyrights exist solely by reason of acts of Congress enacted by virtue of the provisions of the Constitution.

This subject has been well covered in the opinion of Judge Inch on the motion for preliminary injunction in the instant suit [(D. C.) 27 F.(2d) 176], and I agree with his conclusions; but on the trial this question was fully argued, and I will briefly state my reasons for holding the copyright of the plaintiff valid.

Article 1, § 8, of the Constitution, provides as follows: "The Congress shall have power * * * to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." While the Constitution uses the terms "authors" and "writings," the words have received a broad interpretation by the courts.

The first Copyright Act, that of 1790, granted protection only to books, maps, and charts; but protection has been expanded until it extends to composers of music, artists, engravers, dramatists, photographers, lithographers, printers, and in general to all who exercise creative, intellectual, or æsthetic labor in the production of a concrete, tangible form. De Wolfe's An Outline of Copyright Law, p. 16; Burrow-Giles Lithographic Co. v. Sarony, 111 U. S. 53, 4 S. Ct. 279, 28 L. Ed. 349.

The various copyright enactments by Congress subsequent to 1790 require no attention until we come to the Act of 1870. 16 Stat. 198. The latter act consolidated the

laws as to patents and copyrights, and made the first provision as to trade-mark registration; sections 1 to 76 relating exclusively to patents, sections 77 to 84 to trade-marks, and sections 85 to 110 to copyrights.

Section 86 provided that: "Any citizen, * * * the author, inventor, designer, or proprietor of any book, map, chart, dramatic or musical composition, engraving, cut, print, or photograph * * * shall, upon complying with the provisions of this Act, have the sole liberty of printing, reprinting, publishing, * * * the same."

Section 90 provided for the registration of copyright by depositing copies with the Librarian of Congress, and section 97 provided that no action shall be maintained for infringement of copyright, unless the copyrighted article shall have borne the specified copyright notice.

The Act of June 18, 1874, 18 Stat. 78, amended the act of 1870. Sections 1 and 2 of the amending act require no consideration, but section 3 (17 USCA § 63) provides as follows:

"In the construction of this act, the words 'engraving,' 'cut' and 'print' shall be applied only to pictorial illustrations or works connected with the fine arts, and no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the Patent Office. And the Commissioner of Patents is hereby charged with the supervision and control of the entry or registry of such prints or labels, in conformity with the regulations provided by law as to copyright of prints, except that there shall be paid for recording the title of any print or.label not a trade-mark, six dollars, which shall cover the expense of furnishing a copy of the record under the seal of the Commissioner of Patents, to the party entering the same."

. This section simply changed the place of registration and the fee for labels designed to be used for articles of manufacture, so that, instead of their being entered with the Librarian of Congress, they might be registered in the Patent Office and protected in conformity to the Copyright Law.

Labels so registered were subject to the provisions of the prevailing Copyright Law and protected thereby. Higgins v. Keuffel, 140 U. S. 428, 11 S. Ct. 731, 35 L. Ed. 470; Marsh v. Warren, Fed. Cas. No. 9,121, 14 Blatchf. 263. The registration of such labels in the Patent Office has continued since the amendment of 1874, and they have re-ceived the protection of the courts as copyrights.

The Act of March 4, 1909, 35 Stat. 1075 (17 USCA §§ 1–62), amended and consolidated the Copyright Law. No reference is made in that act to the Act of June 18, 1874.

The Commissioner of Patents held that the act of 1909 wiped out the Label Registration Act of 1874, but the Attorney General rendered an opinion, dated December 22, 1909, holding that section 3 of the act of 1874 was not repealed by the act of 1909. 28 Opinions Attorneys General, 116, 120.

This opinion has been accepted and acted on since that time, and the current Rules and Regulations for Registration of Claims to Copyright, as published by the Library of Congress, provide as follows:

"Labels and prints for articles of manufacture are required by the Act of June 18, 1874, to be registered for copyright in the Patent Office. The Copyright Office will register a claim of copyright in a pictorial drawing to protect such drawing; but if it is used for a label or print, the label or print should be registered in the Patent Office."

For a long period of years it has been accepted as the law, by those charged. with its execution, that section 3 of the act of 1874 was not repealed by the act of 1909, and the construction given to this statute by those charged with the duty of executing it is entitled to the most respectful consideration, and ought not to be overruled without cogent reasons. Edwards v. Darby, 12 Wheat. 210, 6 L. Ed. 603; United States v. State Bank of North Carolina, 6 Pet. 29, 8 L. Ed. 308; United States v. Macdaniel, 7 Pet. 1, 8 L. Ed. 587; United States v. Alabama G. S. Rd. Co., 142 U. S. 615, 621, 12 S. Ct. 306, 35 L. Ed. 1134.

No cogent reasons are presented for overruling a continuation of the act which has been accepted for over 19 years, and on which substantial public and private rights are based. No decision of any court holding to the contrary of the opinion of the Attorney General, supra, has been called to my attention, and I find the reasoning of that opinion more convincing than the reasoning advanced on behalf of the defendant in opposition on the trial of the instant suit.

The general repeal clause of the act of 1909, supra, repealed nothing that would not have been equally repealed without it. Great Northern Ry. Co. v. United States (C. C. A.) 155 F. 945, 947, affirmed 208 U. S. 452, 28 S. Ct. 313, 52 L. Ed. 567. And there being no specific repeal therein of the act of 1874,

if there was a repeal, it must have been by implication.

The courts do not favor repeal by implication, and it will not be found; but effect will be given to both statutes, unless there is positive repugnance between the two statutes, the inconsistency is unavoidable, or the two statutes are absolutely irreconcilable. United States v. Greathouse, 166 U. S. 601, 17 S. Ct. 701, 41 L. Ed. 1130; Frost v. Wenie, 157 U. S. 46, 58, 15 S. Ct. 532, 39 L. Ed. 614; United States v. Healey, 160 U. S. 136, 147, 16 S. Ct. 247, 40 L. Ed. 369; Maresca v. United States (C. C. A.) 277 F. 727, 737.

While it is undoubtedly true that any doubt on this subject which might have existed in the mind of any one could have been set at rest by an act of Congress, it seems to me that Congress, when on June 28, 1926, it enacted the United States Code, which was approved June 30, 1926, set its seal of approval on the construction of the statute which had been given by the officers charged with the duty of enforcing it, as section 63, title 17, U. S. C., the code of laws declared by Congress to be in force December 7, 1925, is the same as section 3 of the act of 1874, supra.

This is further substantiated by the statement in the preface to the annotated edition of the Code by the Committee of the Review of Laws of the House of Representatives, through its chairman, in speaking of the Code, said: "No new law is enacted and no law repealed. It is prima facie the law. It is presumed to be the law."

The copyrighted wrap is much more than a reduplication of the Royal Shoe Store trade-mark and trade-name, and no trade-mark is involved in the design, which is an artistic creation and a proper subject for copyright. The printing of a trade-name or trade-mark thereon does not affect the copyright of the design in any way. Jewelers' Circular Pub. Co. v. Keystone Pub. Co. (D. C.) 274 F. 932, affirmed (C. C. A.) 281 F. 83.

Defendant offered in evidence as anticipations the Kleinert box, which shows a number of solid blue ovals connected by solid blue bands; but this is not the design of the label in suit, which comprises a combination of lines and configurations forming a new and original composition; the design patent No. 73,209, in which there is disclosed a combination of lines and ovals distinctively different from the design of the label in suit; and design patent No. 72,003, in which the design disclosed is so. different from that of the label in suit as to require no comment.

The label in suit is an original and artistic creation. If, however, there was any question about that statement, the copyright would still be valid, as it clearly is not a copy of any of the prior art offered in evidence, and the originality required in case of copyright means little more than a prohibition of actual copying. Bowker on Copyright, p. 229; Weil on Copyright, pp. 41, 42; Bleistein v. Donaldson Lithographing Co., 188 U. S. 239, 251, 23 S. Ct. 298, 47 L. Ed. 460.

The regular wrap of copyright No. 33,-387 has a design distinctively different from that of the design of the copyright in suit, and there was no double copyright registration of the same subject-matter. Defendant had no valid license from the Royal Shoe Stores, for the simple reason that the Royal Shoe Stores had no property right in the copyrighted label.

The plaintiff created or had created the design solely at its own expense, and the rights of reproduction belong to the plaintiff, who properly secured the copyright. Altman v. New Haven Union Co. (D. C.) 254 F. 113; Press Pub. Co. v. Falk (C. C. ) 59 F. 324; Lumiere v. Pathe Exchange (C. C. A.) 275 F. 428.

Even if the Royal Shoe Stores, after using the wraps in suit for its shoes, could successfully contend that the plaintiff could not dispose of wraps of the same design, to be used by a competitor, on the ground of unfair competition (which I do not find), that would not give the Royal Shoe Stores, or the defendant, the right to infringe the copyright. Jewelers' Circular Pub. Co. v. Keystone Pub. Co., supra.

Defendant's contention that plaintiff's copyright, even if valid, has been vitiated by reason of the subsequent publication by plaintiff of certain end labels, which bore no copyright notice, is not sustained.

Plaintiff copyrighted the whole wrap, and while the publication of a portion thereof, to wit, the end label, unless it be covered by section 20, title 17, U. S. C. (17 USCA § 20), doubtless vitiates any claim to copyright protection on that particular part so published (Herbert v. Shanley Co. [C. C. A.] 229 F. 340), the plaintiff did not, by that publication, lose the protection of the copyright to the wrap as a whole, nor did defendant gain the right by such publication of a part to appropriate to itself the entire copyrighted wrap.

The case of Louis Dejonge & Co. v. Breuker & Kessler Co. (C. C.) 182 F. 150, Id. (C. C. A.) 191 F. 35, Id. 235 U. S. 33,

35 S. Ct. 6, 59 L. Ed. 113, cited by defendant, is not in point, as in that case there were 12 reproductions of the painting which was copyrighted, and but one notice of copyright.

The contention of the defendant that the copyright is invalid, because the registration designates the label as for footwear, whereas plaintiff is a box manufacturer, and not a dealer in shoes, is not sustained. The Patent Office rules require that the application for label copyright registration shall state the article of manufacture for which the label is to be used, and plaintiff accurately described the use by the word "footwear." The plaintiff has a valid copyright, which the defendant has infringed.

A decree may be entered in favor of the plaintiff against the defendant, as prayed for in the bill of complaint, with full costs and a reasonable attorney's fee of $500.