## DEWARD & RICH, Inc., v. BRISTOL SAVINGS & LOAN CORPORATION.

### No. 19.

District Court, W. D. Virginia.

Oct. 31, 1939.

Donald T. Stant, of Bristol, Va., for defendant.

Gore & Gore, of Bristol, Va., for plaintiff.

DOBIE, District Judge.

This action is brought to restrain the alleged infringement of plaintiff's copyright and also seeks damages for such alleged infringement by the defendant, which has filed a motion to dismiss the action.

Several grounds are set out by the defendant as a basis for this motion; but of these grounds only one ground was seriously urged by defendant in his brief on the motion and also on oral argument.

One of the grounds is the alleged failure of the plaintiff to set out sufficient facts which would show title in plaintiff to the copyright in question. I am convinced that there is little or no merit in this contention.

Again, defendant claims that the advertisements in question may not be made the subject of a valid copyright under the federal statutes. Since the decision of the United States Supreme Court in Bleistein v. Donaldson Lithographing Co., 1903, 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460, I do not think it could be seriously urged that printed advertisements cannot be validly copyrighted. It is a matter of common knowledge that many of these advertisements in American publications of large circulation possess distinctive literary merit and real artistic originality. Other cases have approved the Bleistein case, and the general trend of modern cases, as I read them, seems clearly to be in the direction of extending and liberalizing the doctrine of the Bleistein case. Compare the opinion of Judge Sanborn in Ansehl v. Puritan Pharmaceutical Co., 1932, 8 Cir., 61 F.2d 131. While the instant advertisements are simple and rather brief, the wording is attractive, the text and its arrangement are admirably designed to arrest attention, and the illustrations do possess power to catch and hold a reader's roving eye. Accordingly, I am convinced that these advertisements more than live up to the minimum standards of our copyright laws and that they may be, and are, the subjects of a valid copyright.

The final ground of the motion, which was strongly urged by defendant, both in the brief and on oral argument, is one of some difficulty. A duly copyrighted book of advertisements, with the required notice thereon, was furnished to defendant, and a contract was made which gave the defendant the right to use these advertisements for its purposes, by virtue of a stated consideration, in a designated area, for a specified period of time. This contract was faithfully carried out by both parties. Then after the expiration of the contract period, the defendant, according to the allegations of the complaint and the exhibits, (which, for the purposes of a motion to dismiss under Rule 12(b) of

the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I take it, must be taken as true), with full knowledge of the copyright and without the consent of the defendant or any payment therefor, continued to make use in newspapers of the advertisements in question.

Under the original arrangement, mats were furnished to defendant for use in printing the advertisements. These mats, which were used in such printing, contained no notice of copyright; so that the advertisements themselves, when printed from the mats, naturally contained no notice of copyright. Accordingly (so defendant strenuously contends), these printings of the advertisements without a copyright notice, duly authorized by the holder of the copyright in furnishing the mats, constituted, under our copyright statutes, an abandonment of copyright as to all parties, so as to leave the holders of the formerly valid copyright without recourse under these statutes against any one using and printing the advertisements without the consent (or even against the express prohibition), of these holders. I am accordingly faced with the question of whether this contention is sound. This question I must answer in the negative.

Though the instant situation would not appear to be unusual under modern advertising methods and the large part now played in the advertising field by the large agencies, counsel in this case have been unable to cite a single case directly in point. My own independent search has been equally futile. So I am compelled to decide this clear cut question of law on the analogies of such cases as are available, and on my own idea of the instant equities, qualified by my own notion of what, under the federal copyright statutes, is required by hard common sense and the spirit of fair play, which the English rather aptly characterize as "cricket".

It seems proper here to discuss briefly some of the cases cited in support of the motion. Louis Dejonge & Co. v. Breuker & Kersler Co., 1914, 235 U.S. 33, 35 S.Ct. 6, 59 L.Ed. 113, involved the validity of the copyright notice as to each copy of a painting; but it seems clear that one proper notice of copyright on a book protects all the contents of that book. In Smith v. Bartlett, 1937, D.C., 18 F.Supp. 35, 37, the facts were in many respects similar to the instant case, but here the defendant (alleged infringer) was not (as in the instant case) a party to the contract with actual notice of the copyright, but was an innocent third party who saw the advertisements published without any copyright notice and then reproduced them, and the opinion stresses as the reason for the notice the "protection of third persons". And in Fleischer Studios, Inc., v. Ralph A. Freundlich, Inc., 1934, 2 Cir., 73 F.2d 276, 277, Circuit Judge Manton said: "The purpose of the statute's requirement as to notice is to prevent *innocent* [*third*] *persons* [italics are mine] who are unaware of the existence of the copyright from suffering for making use of the copyrighted article." In Smith v. Wilkinson, 1937, D.C., 19 F.Supp. 841, the microscopic print was held not sufficient to comply with the statutory requirement of notice. To the same effect is Alfred Decker Cohn Co. v. Etchison Hat Co., 1915, D.C., 225 F. 135. The instant case involved no question as to the sufficiency of the copyright notice on the book furnished to defendant, which was not a third party and was not innocent. There had been in Bessett, Inc., v. Germain, 1937, D.C., 18 F.Supp. 249, a previous publication of the catalogue without any copyright notice, amounting to a dedication of the material to the public, and, further, such notice as there finally was, appeared on the back cover of the book, whereas the Copyright Statute, 17 U.S.C.A. § 19, provides: "The notice of copyright shall be applied, in the case of a book or other printed publication, upon its title page or the page immediately following".

In the absence, then, of any federal cases that seem to me controlling, I am constrained to hold that a defendant, which contracts for the use of duly copyrighted material for a specific time, and then continues to use (with no authorization whatever) this material beyond the time specified in the contract to which defendant was a party, after having in a sense recognized the validity of the copyright by paying for the use of the material in question, cannot, when sued for infringement, set up as a valid defense the mere fact that the copyright owner furnished (for the convenience of the defendant) mats for printing the duly copyrighted matter without a copyright notice on these mats, so that the material when printed from these mats also contained no copyright notice. Any other decision, by permitting what I consider a sheer tech-

nicality to serve as a defense, would in my opinion defeat the real purpose of our copyright laws and would rebuke the great saying of St. Paul (2 Cor. 3:6): "The letter killeth but the spirit giveth life." And here I still prefer to follow St. Paul, in spite of the oft-quoted statement that the privileges and the benefits under copyright laws, being purely the creatures of statutes, can be claimed by those, and only by those, who comply with the provisions of these statutes.

While English cases are, of course, not controlling, they are yet useful and informative. And I believe that Cooper v. Stephens [1895] 1 Ch. 567, and W. Marshall & Co., Ltd., v. A. H. Bull, Ltd., Ct. of App. [1901] 85 L.T.,N.S., 77, are quite in line with the decision that I have reached.

Defendant's motion to dismiss is, accordingly, overruled.