**VERNEY CORPORATION v. ROSE FABRIC CONVERTERS CORPORATION et al.**

United States District Court
S. D. New York.

Nov. 17, 1949.

John S. Finn, New York City, for plaintiff.

Hirsch, Shalleck & Krakower, New York City, for defendants Rose Fabric Converters Corporation and Raytex Dyers & Printers, Inc. (Jerome M. Hirsch, New York City, and Ira T. Wender, New York City, of counsel).

Schaeffer, Goldstein & Esbitt, New York City, for Cindy Frocks and Louis and David Gutstein (Wm. Esbitt, New York City, of counsel).

COXE, District Judge.

These are motions (1) by plaintiff for a preliminary injunction restraining the defendants from alleged infringement of a copyright, and (2) by defendant Rose Fabric Converters Corporation to dismiss the action for failure to state a claim upon which relief can be granted. There is diversity of citizenship between plaintiff and all the defendants.

The complaint contains two counts. The first count alleges that on April 16, 1947 plaintiff copyrighted a design for use upon textiles and textile prints. The design and the certificate of registration, copies of which are annexed to the complaint, show that the registration was in Class K, on Form KK, of a "claim to copyright in a print or label used for article of merchandise, viz., "chrysanthemum print * * * for textile and textile print". It was thus a commercial print or label. The complaint then alleges that, after notice by plaintiff, the defendants have infringed the copyright in the following manner, viz.: Rose Fabric by delivering uncolored fabrics to the defendant Raytex Dyers and Printers, Inc., with instructions to imprint thereon, in various color combinations, a copy of plaintiff's design; Raytex by imprinting plaintiff's design upon the uncolored fabrics and delivering the same to Rose Fabric and to the defendants Cindy Frocks, Inc. and Helene Lynne; Rose Fabric by selling such imprinted fabrics to Cindy Frocks and Helene Lynne; and Cindy Frocks and Helene Lynne by manufacturing such imprinted fabrics into women's dresses and selling the same to the public.

The second count repeats the allegations of the first count and further alleges that plaintiff has built up a large and profitable business in interstate commerce in the production and sale of fabrics for women's dresses, especially fabrics bearing printed designs in prescribed color combinations and fabrics dyed in certain prescribed color combinations; that plaintiff has entered into a contract with Royal Frocks, Inc., under which it sells its fabrics exclusively to Royal, which manufactures them into women's dresses and sells them; that, by the use of advertising media, plaintiff and Royal have advised the public of the excellence of such dresses; and that defendants have knowingly waited until plaintiff had developed such a successful market and demand for dresses bearing plaintiff's design and color combinations, and have then deliberately copied the same, and have thereby acted unfairly in competition with plaintiff.

Plaintiff's design is not an artistic reproduction of a single chrysanthemum, but an artistic reproduction of several curly chrysanthemums, each surrounded by similar curly lines, so that they all blend into a harmonious whole. It appears from the affidavits submitted, and from an inspection of the dresses exhibited on the argument, that the design is printed in a continuous running form, repeating the design over and over, in distinctive colors, upon the fabric from which the dresses are made, and also that the fabric itself is in the distinctive colors. There is no showing by plaintiff that there was any copyright notice upon each repetition of the design. Defendants contend not only that the copyright is invalid but also that, if it is valid, copyright protection has been lost through publication without a proper copyright notice.

The Copyright Act of 1909, 17 U.S.C.A., classified in Section 5 the works entitled to copyright protection. Subsection (k) provided for "Prints and pictorial illustrations". In Kemp & Beatley v. Hirsch, D.C.E.D.N.Y., 34 F.2d 291, 292, it was held that dress patterns were not copyrightable under the Act. Cf. Millinery Creators' Guild v. Federal Trade Commission, 2 Cir., 109 F.2d 175, 177 (affirmed without discussion of the point in 312 U.S. 469, 61 S.Ct. 708, 85 L.Ed. 955), where the court said that "What passes in the trade for an original design of a hat or a dress cannot be patented or copyrighted." The lack of statutory copyright protection for dress designers has been repeatedly pointed out by the Court of Appeals in this Circuit. Nat Lewis Purses v. Carole Bags, 2 Cir., 83 F.2d 475, 476; White v. Leanore Frocks, 2 Cir., 120 F.2d 113, 114–115; Belding

Heminway Co. v. Future Fashions, 2 Cir., 143 F.2d 216, 218.

Section 2 of the Act of July 31, 1939, 53 Stat. 1142, Ch. 396, amended Section 5(k) by adding the words "including prints or labels used for articles of merchandise", so that the question here is whether plaintiff's design is a print or label used for an article of merchandise. Clearly it is not a label. The word "print" was defined by the Copyright Office in its Circular No. 46, dated March 18, 1941, as follows: "The term 'print' as used in the said Act, may be defined as an artistic work with or without accompanying text matter published in a periodical or separately, used in connection with the sale or advertisement of an article or articles of merchandise."

■ While the design may have been properly registered as a print for an article of merchandise, plaintiff, by printing it on the fabric from which the dresses are manufactured, uses the design as a part of the article of merchandise itself. It is obviously not used in connection with a sale or an advertisement of either the fabric or the dresses, but is an attempt by plaintiff to obtain a monopoly of the design in the manufacture of dress fabrics and dresses, to which it is not entitled. Cf. Adelman v. Sonner's & Gordon, Inc., D.C.S.D.N.Y.,[1] 21 U.S.Pat.Q. 218. Plaintiff's use of the design in an advertisement of its fabrics and the products of Royal Frocks, as shown in an exhibit submitted by it in support of its motion, is a proper use of the design, and the use contemplated by the statute. See Ball on the Law of Copyright and Literary Property (1944), § 183.

■ But, even if there were doubt as to the invalidity of the copyrighted design when so used on fabrics and dresses, which I do not entertain, still plaintiff's copyright on the design has been lost by failure to publish on the fabric and the dresses, in connection with the design, the proper copyright notice. "Every reproduction of a copyrighted work must bear the statutory notice." DeJonge & Co. v. Breuker & Kessler Co., 235 U.S. 33, 36, 35 S.Ct. 6, 59 L.Ed. 113.

As to the second count for unfair competition, the case is indistinguishable from Cheney Bros. v. Doris Silk Corp., 2 Cir., 35 F.2d 279, certiorari denied 281 U.S. 728, 50 S.Ct. 245, 74 L.Ed. 1145, where it was held that anyone might copy plaintiff's silk patterns which had not been protected by a design patent or by a copyright. See also Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008, and Electric Auto-Lite Co. v. P. & D. Mfg. Co., 2 Cir., 109 F.2d 566. The New York law is also in accord with these decisions. Mavco, Inc. v. Hampdon Sales Ass'n., 273 App.Div. 297, 77 N.Y.S.2d 510; Margolis v. National Bellas Hess Co., 139 Misc. 738, 249 N.Y.S. 175.

■ There is no charge that defendants have misrepresented their dresses as those of plaintiff—only that they have knowingly copied plaintiff's design and color combination and used them in making dresses which they are selling at a price lower than plaintiff does or can do. But this is not unlawful, and does not constitute unfair competition.

Plaintiff's motion for a preliminary injunction is accordingly denied, and the motion of the defendant Rose Fabric Converters Corporation to dismiss the action is granted.

---

[1]. No opinion for publication.