**PETER PAN FABRICS, INC.**
and
**Henry Glass & Co., Plaintiffs,**

v.

**DIXON TEXTILE CORPORATION,**
**Defendant.**

United States District Court
S. D. New York.
June 3, 1960.

Helfat & Helfat, New York City, for plaintiffs.

Samuel Jaffe, New York City, for defendant.

LEVET, District Judge.

This motion for summary judgment for a permanent injunction in favor of the plaintiffs is again before this court for further hearing and consideration in the light of the opinion of the United States Court of Appeals for the Second Circuit, 280 F.2d 800, 803.

The appeals court has in effect held:

(1) That there was no genuine issue as to any facts material to the question of originality.

(2) That on the question of notice, under the decision in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 1960, 274 F.2d 487, under the circumstances of this case, the absence of notice is a defense the defendant-copyist must prove and the burden is on such defendant to show that notice could have been embodied in the design without impairing its market value. The court held that in the case at bar "the possibility of embodying notice in the design has not been otherwise raised or disposed of on the pleadings or affidavits. The issue remains open for proof."

(3) That on the remaining issue—that of copying: "Were the moving affidavits proper in form and substance, the conclusory general allegations of noncopying would be insufficient to raise a genuine issue for trial."

Since the decision in the Court of Appeals, the plaintiffs have supplied proof by affidavits which now seems adequate to fill the gaps previously existing which were pointed out by the appellate court:

(1) Affidavits of Ellis H. Wilner (president of the plaintiff corporations), Arthur Klurfeld (executive secretary of the Textile Fabrics Association), Lloyd Weill (a member of the firm of Lloyd Weill Co.), Sidney Richling (president of Aronoff & Richling, Inc.) and Sidney Lippman (president of Nancy Greer, Inc.) have convinced this court that there

is no other feasible location for placement of the copyright notice on the textile other than on the selvage and that placement of the copyright notice in the middle of the design would make the textile completely unusable for garments since garments having such a notice on their face would be unsaleable.

(2) The testimony taken by deposition before trial of Martin G. Feerst, president of the defendant corporation, definitely indicates that the design in defendant's fabric was copied from a dress purchased at Bloomingdale Brothers, New York City, which dress, in turn, had been manufactured by Kabro of Houston from the fabric produced by plaintiffs. Proof from Jerome C. Kaplan (vice president of Kabro of Houston) corroborates the origin of the fabric and dress from which the defendant copied.

Martin G. Feerst, president of the defendant, Dixon Textile Corporation, through defendant's attorney, has submitted an affidavit dated May 20, 1960, which may be summarized as follows:

(1) The dress from which the design came was not marked with the notice of copyright.

(2) Defendant had no notice prior to the institution of suit.

(3) Notice of copyright could have been indicated on tags attached to the garments and that (upon information and belief) the dresses displayed at Bloomingdale Brothers then and now carried numerous tags and notices by the manufacturers of the fabrics.

■ Under the decision of the Court of Appeals in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 1960, 274 F.2d 487, it appears that the notice printed on the selvage of the cloth was adequate. See also H. M. Kolbe Co., Inc. v. Armgus Textile Company, Inc. and Happy Cottons, Inc., D.C.S.D.N.Y., 184 F.Supp. 423, affirmed 2 Cir., 279 F.2d 555. The court in the Martin Weiner Corp. case, Hand, Circuit Judge, stated that "the absence of 'notice' is a defence that the copyist must prove, and that the burden is on him to show that 'notice'

could have been embodied in the design without impairing its market value." 274 F.2d at page 490.

■ The contention of the defendant that notice of the copyright could be affixed to dresses by way of a hang tag cannot be sustained. This method of notice does not meet the burden of showing that notice could have been *embodied* in the design, Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra, and the requirement of Section 10 of the Copyright Act (17 U.S.C.A. § 10), that the notice of copyright "be affixed to each copy thereof" would not be satisfied in this manner. See Verney Corp. v. Rose Fabric Converters Corp., D.C.S.D.N.Y.1949, 87 F.Supp. 802; Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., D.C.S.D.N.Y.1956, 144 F.Supp. 577. See also 37 C.F.R. 202.2(b) (9). Defendant has not sustained its burden.

■ Since it is now established that the defendant deliberately copied plaintiffs' copyrighted design and the notice of copyright was adequate, plaintiffs are entitled to a permanent injunction regardless of the alleged lack of knowledge of the copyright by the defendant at the time of the initial infringement.

■ By plaintiffs' letter to defendant dated November 18, 1958 (attached to the moving affidavit of Ellis H. Wilner on plaintiffs' application for preliminary injunction) defendant was advised before the commencement of this action of the existence of the copyright. It cannot be disputed that after actual notice and after service of the complaint herein, defendant must discontinue selling its infringing copy regardless of its claim of innocence at the inception. See Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., D.C.S.D.N.Y.1956, 144 F.Supp. 577.

■ The defense of innocence or ignorance of a copyright is applicable only insofar as it may be relevant to the question of damages to be assessed against the infringer. See Peter Pan Fabrics, Inc. v. Acadia Company, Inc., D.C.S.D.N.Y.1959, 173 F.Supp. 292, affirmed Pe-

ter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 1960, 274 F.2d 487; De Acosta v. Brown, 2 Cir., 1944, 146 F.2d 408, certiorari denied 1944, 325 U.S. 862, 65 S.Ct. 1198, 89 L.Ed. 1983.

Consequently, I am now compelled to hold:

(1) That the plaintiffs' design of fabrics in question was filed with the Register of Copyrights and granted Copyright Number H 7290 on or about July 9, 1958 as a reproduction of a work of art.

(2) This design is known as Style 680, Range 1, "Byzantium", and is an original design sufficient to satisfy the original requirement of the copyright law.

(3) The printing of the notice of copyright on the selvage is sufficient in the absence of defendant's showing that notice could have been embodied in the design without impairing the market value. This the defendant has failed to show. The case of Peter Pan Fabrics, Inc. & Henry Glass & Co. v. Martin Weiner Corp., 2 Cir., 1960, 274 F.2d 487, controls. The defendant has not met its burden under the aforesaid decision.

(4) The defendant, Dixon Textile Corporation, on or about October 23, 1958, purchased or caused to be purchased a certain dress from Bloomingdale Brothers, New York City, which dress had been produced by Kabro of Houston from fabric manufactured by the plaintiffs and copyrighted as aforesaid and containing the notice of copyright in the selvage.

(5) From this fabric in said dress, the defendant, without right or authority, copied the pattern and started to engrave the same on November 3, 1958, and about November 15, 1958 produced merchandise from such engraving.

(6) The defendant claims not to have known the manufacturer of the copied fabric design, but made no inquiry.

Consequently, with the additional proof produced by the plaintiffs, the plaintiffs are entitled to summary judgment with the following relief:

(1) A permanent injunction, as demanded in the plaintiffs' prayer for relief.

(2) The issue of the amount of damages payable by the defendant is referred to a Master, to be appointed by this court, to hear and report thereon.

The above constitutes Findings of Fact and Conclusions of Law.

Settle order for summary judgment as hereinabove provided by June 15, 1960.